Louis Anthony GUTIERREZ, Appellant,

v.

**The STATE of Texas.**

No. 693–00.

Court of Criminal Appeals of Texas.

Jan. 31, 2001.

---

David R. Bires, Houston, for appellant.

Rikke Burke Graber, Assist. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

MEYERS, J., delivered the unanimous opinion of the Court.

Appellant appealed his conviction for possession of cocaine on the ground that the trial court abused its discretion in denying his motion to suppress evidence. The Court of Appeals held that because the record did not reflect a ruling on appellant's motion, nothing was preserved for review. *Gutierrez v. State*, No. 14–96–01017–CR slip op., 1999 WL 1267257 (Tex. App.—Houston [14th Dist.] Dec.30, 1999) (not designated for publication). We granted discretionary review to decide whether the Court of Appeals erred in holding that the record did not sufficiently show that appellant's motion to suppress was denied.

On June 25, 1996, at the conclusion of the hearing on appellant's motion to suppress evidence, appellant stated that he would like to submit a memorandum. The trial court agreed to allow time for such filing and told the parties to settle on a date for the filing of briefs. An Agreed Setting dated June 25, reflects that the parties agreed to file briefs by July 2, and the case was reset for July 9, 1996. An Agreed Setting dated July 18, reflects the case was reset for August 8, 1996. On August 9, 1996, appellant pled guilty pursuant to an agreed sentencing recommendation. Also on August 9, 1996, appellant filed a written Notice of Appeal which recites that his motion to suppress was overruled by the trial court on August 8, 1996. The Notice further recites that after his motion was overruled, appellant entered a plea of guilty on August 9, 1996. The Notice was signed by defense counsel and appellant. Following their signatures, the Notice further states that appeal bond is set at $30,000, and the trial judge's signature appears after this notation.

The Court of Appeals stated that in order to preserve an alleged error for appellate review under Rule of Appellate Procedure 33.1, the record must reflect that complaint was made to the trial court and either the trial court ruled on it, or the party objected to the trial court's failure to make a ruling. *Gutierrez*, slip op. at 1. Citing *Garcia v. State*, 887 S.W.2d 862, 871 (Tex.Crim.App.1994), the Court held that because the record reflected neither, nothing was presented for review.

Rule 33.1(a), provides in its entirety:

As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court, by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection or motion, *either expressly or implicitly;* or

(B) refused to rule on the request, objection or motion, and the complaining party objected to the refusal.

TEX.R.APP.PROC. 33.1(a) (emphasis added). The predecessor to Rule 33.1, Rule of Appellate Procedure 52(a), provided in its entirety:

> In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court.

One of the obvious linguistic differences between Rule 33.1(a) and Rule 52(a) is that Rule 33.1(a) allows for a ruling by the trial court "either expressly or impliedly" while Rule 52(a) simply required that the party obtain "a ruling." [1] The Court of Appeals did not address this difference between the old and new rules, and in support of its holding, relied upon *Garcia, supra,* a Rule 52(a) case.

No one contends the trial court made an express ruling on appellant's motion. The only question is whether the trial court's ruling was implicit. The Court of Appeals erred in failing to consider this question. *Cf. State v. Kelley,* 20 S.W.3d 147, 153 (Tex.App.—Texarkana 2000) (where no express ruling on defendant's motion, court of appeals considered whether ruling was implicit).

The judgment of the Court of Appeals is vacated and this case is remanded to that court to consider whether the trial court's ruling was implicitly made, within the meaning of Rule 33.1(a).

---

1. Under Rule 52(a), we recognized that "[a] court's ruling on a complaint or objection can be impliedly rather than expressly made." *Rey v. State,* 897 S.W.2d 333, 336 (Tex.Crim.App. 1995). We further stated that "[a] trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling." *Id.* Thus, arguably, even under Rule 52(a), an appellate court was required to query whether an express or implied ruling was made by the trial court in considering the whether an issue had been preserved for appellate review.