Dismissed and Memorandum Opinion filed April 20, 2006









Dismissed and Memorandum Opinion filed April 20, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00091-CR

____________

 

BRADLEY ABIUD PEREZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 240th District Court

Fort Bend County, Texas

Trial
Court Cause No.  41,778

 



 

M E M O R A N D U M   O P I N I O N

Appellant filed a pro se Anotice of interlocutory accelerated
appeal@ on January 3, 2006.  In his notice, appellant stated that he is
appealing Aall interlocutory Orders@ explicitly and implicitly denying
his constitutional rights.  The clerk=s record in this appeal was filed on
March 13, 2006.








A defendant=s notice of appeal must be filed within thirty days after the
trial court enters an appealable order.  See
Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.

Generally, a state appellate court only has jurisdiction to
consider an appeal by a criminal defendant where there has been a final
judgment of conviction.  Workman v.
State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State, 915 S.W.2d 160, 161
(Tex. App.CFort Worth 1996, no pet.).  Exceptions to the general rule include:  (1) certain appeals while on deferred
adjudication community supervision, Kirk v. State, 942 S.W.2d 624, 625
(Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond,
Tex. R. App. P.  31.1; McKown, 915 S.W.2d at 161;  and (3) certain appeals from the denial of
habeas corpus relief, Wright v. State, 969 S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.);  McKown, 915 S.W.2d at 161.  

Our review of the record does not reveal any appealable
orders entered by the trial court within thirty days before the filing of
appellant=s notice of appeal.  The only ruling in the record before this
court which is subject to interlocutory appeal, the denial of a further
reduction in bond, was signed October 4, 2005.[1]  Appellant=s notice of appeal is untimely to
perfect an appeal from that order.  See
Tex. R. App. P. 26.2(a)(1).  This court has no authority to grant an
out-of-time appeal.








On March 30, 2006, notification was transmitted to the parties
of this court=s intention to dismiss the appeal for
want of jurisdiction.  Appellant filed a
pro se response on April 4, 2006.  In his
response, appellant points out that he filed a fourth amended petition for writ
of habeas corpus and bail reduction on November 1, 2005.  The fourth amended petition and any ruling
thereon are not part of the appellate record. 
Appellant argues that an implicit ruling on his petition is sufficient
for appellate review.  Appellant=s citation to Gutierrez v. State,
36 S.W.3d 509, 510-11 (Tex. Crim. App. 2001), as authority for reviewing an
implicit ruling, is inapplicable to these facts.  In Gutierrez, appellant appealed the
denial of a motion to suppress after final conviction.  Id. 
An appeal that is not from a final conviction must be filed within
thirty days after the trial court enters an appealable order.  Tex.
R. App. P. 26.2(a)(1).

Alternatively, appellant asserts that his notice of appeal is
premature.  In a criminal case, a
prematurely filed notice of appeal is not effective if filed before the trial
court makes a finding of guilt or receives a jury verdict.  Tex.
R. App. P. 27.1(b).  

Because there are no appealable interlocutory orders entered
within thirty days before appellant filed his notice of appeal, we have no
jurisdiction.. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 20, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  By order
signed July 22, 2005, the trial court reduced appellant=s bond from $75,000 to $65,000 in response to
appellant=s third amended petition for writ of habeas corpus and
bail reduction filed June 14, 2005.