In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-450 CR


____________________



JOHN DAVID SIGNORELLI, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 03-07-05170 CR






 MEMORANDUM OPINION


 In this case, we decide whether a computer owner had a reasonable expectation of
privacy in files on his computer's hard drive when he turned his computer over to a third
party repairman and authorized repairs to his computer's operating system. We conclude that
when an owner takes no affirmative steps to limit a repairman's access to certain files, the
owner assumes the risk that the party entrusted with the computer may discover these files
and allow the police to access them. We conclude that the State showed by clear and
convincing evidence that the owner authorized the repairman to access the files, that the
repairman consented to allow the police to view several of the files at issue, and that when
the police initially viewed the computer images they reasonably believed the repairman had
the owner's actual or apparent authority to access the files. As a result, we find no error in
the trial court's denial of the defendant's motion to suppress, and we affirm John Signorelli's
conviction. 

Background
 

 While attempting to repair Signorelli's computer, Reggie Thomson, a co-owner of 
Competition Computers, accessed the computer's hard drive and discovered files that
contained images of children engaged in sexual acts with adults. Thompson reported his
discovery to Larry Jacks, the business's other co-owner. Jacks also inspected the files and
then called the police. On receiving the report, the police did not issue a warrant to search
the computer but instead sent a patrol officer to the store. The patrol officer, after observing
several images of child pornography from files contained on the computer's hard drive, took
the computer into custody.

 The State subsequently indicted Signorelli for possession of child pornography. See
Tex. Pen. Code Ann. § 43.26 (Vernon 2003). Signorelli filed a motion to suppress the
computer files containing the images and argued that the police seized the files in violation
of his rights under the United States Constitution, the Texas Constitution, and article 38.23
of the Texas Code of Criminal Procedure. (1) 

 The trial court heard Signorelli's motion on February 4, 2005. At the hearing,
Signorelli argued that the repairman's opening the files exceeded Signorelli's authorization
to repair the computer's operating system and invaded his expectation of privacy in his
computer's files. He also asserted that the warrantless search of his computer by the police
violated his rights under article 38.23. Subsequently, the trial court denied Signorelli's
motion to suppress. (2) Later, Signorelli pled guilty and filed his notice of appeal from the trial
court's judgment.


Issues On Appeal


 Raising three issues, Signorelli contends that the trial court erred in denying his
motion to suppress. First, Signorelli argues that a search warrant was necessary to allow
anyone to examine his computer files because he had a reasonable expectation of privacy
regarding them. Second, analogizing a computer to a closed container, Signorelli argues that
because the police are generally required to obtain a warrant to search a closed container,
their warrantless search of his computer was unlawful. Third, Signorelli argues that he did
not authorize access to the files in a computer folder labeled "personal" and that the 
accessing of those files violated section 33.02 of the Texas Penal Code. (3) See Tex. Pen.
Code Ann. § 33.02(a) (Vernon 2003).

 In response, the State argues that Signorelli gave Competition Computers permission
to access his operating system and that he took no affirmative steps to protect his files by
encrypting them. As a result, the State concludes that Signorelli had no reasonable
expectation of privacy with respect to his computer's files. Also, the State asserts that
Signorelli waived his argument concerning the technicians' violation of section 33.02 of the
Penal Code because he failed to raise that argument at the suppression hearing.



Standard of Review


 This Court reviews a trial court's ruling on a motion to suppress for an abuse of
discretion. Dyar v. State, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003). We give almost
total deference to the trial court's determination of historical facts, but we conduct a de novo
review of the trial court's application of the law to those facts. State v. Ross, 32 S.W.3d 853,
856 (Tex. Crim. App. 2000). As the sole trier of fact at the suppression hearing, the trial
judge "evaluates witness testimony and credibility." Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005) (citing Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App.
2002)). When the defendant shows that the search occurred without a warrant, "the burden
shifts to the state to prove the reasonableness of the warrantless search." Id. 

 A search is reasonable when a person consents to a search, since there is no
constitutional requirement to show probable cause or to obtain a warrant prior to a consent-based search. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854
(1973); Maxwell, 73 S.W.3d at 281. Whether the person consented to the search is a question
of fact to be determined from all the circumstances. Maxwell, 73 S.W.3d at 281 (citing Ohio
v. Robinette, 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996); Allridge v. State, 850
S.W.2d 471, 493 (Tex. Crim. App. 1991)). Under the United States Constitution, the state
bears the burden of proving consent by a preponderance of the evidence. Id. The state's
burden of showing consent under the Texas Constitution is by clear and convincing evidence. 
Id. (citing Carmouche v. State, 10 SW.3d 323, 331 (Tex. Crim. App. 2000)). 

The Testimony


 The testimony at the suppression hearing showed that Signorelli relinquished
possession of his computer to Jacks to allow Competition Computers to repair it. Signorelli
placed no restrictions upon the computer technicians regarding the files that they could
access in order to accomplish their assigned task. The computer work order stated: 
"IExplore Not working [;] Check OUT OS[.]" Jacks testified that Signorelli asked him to
repair the Internet Explorer program so that the computer could access the internet. Jacks
testified that he explained to Signorelli that there were "several procedures" they would use
to check the program to determine if they could repair it, and Signorelli told Jacks "to go
ahead." The trial court found that the testimony of the co-owners of Competition Computers
was credible, that Signorelli did not limit the technicians' access to the computer, and that
the folder containing the images was part of the computer's operating system.

 Thomson performed the initial work on Signorelli's computer. During the repair
process, and after attempting several steps to repair Signorelli's computer, Thomson decided
to "wipe" the computer's drive and reload it. Part of that process included saving files from
certain folders, which included the image files at issue here. To save these files, Thomson
copied the files to be saved into a backup folder and then copied the backup folder onto the
company's computer. During the process of taking the inventory of Signorelli's computer
files, Thomson found the image files containing child pornography. Thomson testified that
while he was conducting the inventory, the computer displayed a reduced version of the
images, or thumbnails, of approximately twenty photographs. Thomson enlarged one of
those images, and then alerted Jacks, who viewed four or five of the images before he called
the police. Thomson further testified that in the normal course of checking out a computer
system, the repair technician might need to open files on the customer's computer to
diagnose a problem. The trial court found that Thomson's discovery of the images at issue
occurred while he was taking an inventory of the files in the "My Documents" folder "per
Competition Computer's standard procedures."

 Doug Johnson, a police officer, arrived in response to Competition Computer's phone
call. After looking at two or three of the images contained on the computer, he took the
computer into police custody. Officer Johnson did not obtain a warrant before viewing the
files or seizing the computer. After he took the computer into police custody, the police
obtained a search warrant. 

 Ron Russ, a computer consultant called as a witness by Signorelli, disputed that
thumbnail image files would have been displayed when one was looking at the directories
on the computer. Russ testified that there was no reason to enter a file labeled "personal" to
fix the computer's web browser or to check out the computer's operating system. 

 Based on the evidence at the hearing, the trial court concluded that Signorelli
voluntarily relinquished control of his computer to Competition Computers and that he did
not prove facts to establish a legitimate expectation of privacy. As a result, the court denied
Signorelli's motion to suppress.

Analysis


 Generally, when a third party has equal control over the thing to be searched, the third
party may properly consent to the search. See United States v. Matlock, 415 U.S. 164, 171,
94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Maxwell, 73 S.W.3d at 281. For instance, in Matlock,
one of the occupants of a house allowed the police to search a bedroom that was jointly
occupied by the defendant and the occupant. Matlock, 415 U.S. at 166. The Supreme Court
stated that the prosecution could "show that permission to search was obtained from a third
party who possessed common authority over or other sufficient relationship to the premises
or effects sought to be inspected." Id. at 171 (footnote omitted). "Common authority" rests
on "mutual use of the property by persons generally having joint access or control for most
purposes[.]" Id. at 171 n.7. A third-party's apparent authority to consent to a search is
sufficient when the facts available to the officer would lead a person of reasonable caution
to believe that the third party had such authority. Illinois v. Rodriguez, 497 U.S. 177, 188-89,
110 S.Ct. 2793, 111 L.Ed.2d 148 (1990); Miller v. State, 208 S.W.3d 554, 559-60 (Tex.
App.-Austin 2006, pet. ref'd).

 The scope of a third-person's authority to consent on the owner's behalf to a police
search was also at issue in Maxwell v. State. See 73 S.W.3d at 280. There, the truck's owner
and his driver were in a tractor-trailer rig when the police stopped the rig because of a traffic
violation. Id. The police asked the driver (who was not the rig's owner) if they could see
the cargo in the trailer. Id. After the driver opened the trailer's unlocked door, the police
discovered approximately 500 pounds of marijuana within cardboard boxes underneath crates
of limes. Id. The rig's owner, following his conviction for possession, challenged the
legality of the search on the grounds that the police failed to obtain his permission to search
the trailer. Id. at 279-80. In affirming the owner's conviction, the Texas Court of Criminal
Appeals stated that the defendant's "ownership and presence, without some affirmative act
on his part to show a refusal to consent to the search or to withdraw [the driver's] authority,
did not serve to diminish [the driver's mutual] control." Id. at 282. 

 Thus, one factor in cases involving third-party consent for searches evaluates the
officer's reasonable expectation of the third-person's authority to consent. With respect to
a person's records, another factor focuses on the person's reasonable expectation of privacy
in records turned over to a third party. In State v. Hardy, the Texas Court of Criminal
Appeals examined whether a person had a reasonable expectation of privacy in medical
records containing the results of his blood-alcohol test results. 963 S.W.2d 516, 523-24
(Tex. Crim. App. 1997). The Hardy Court concluded that "whatever interests society may
have in safeguarding the privacy of medical records, they are not sufficiently strong to
require protection of blood-alcohol test results from tests taken by hospital personnel solely
for medical purposes after a traffic accident." Id. at 527. In reaching this conclusion, the
Hardy Court cited United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71
(1976), a case involving a depositor's bank records, for the proposition that "a depositor
voluntarily exposes his financial information to the banking institution and assumes the risk
that those records will be conveyed to the government." Hardy, 963 S.W.2d at 524 (citing
Miller 425 U.S. at 442-43). We conclude that under the apparent authority factor and the
reasonable expectation factor, the trial court's decision denying Signorelli's motion was not
an abuse of its discretion. 

 Signorelli relies principally on United States v. Barth, 26 F.Supp.2d 929 (W.D. Tex.
1998), for the proposition that he possessed a reasonable expectation of privacy in the
computer files at issue. He argues that he did not relinquish complete dominion or control
over his personal folders or his right to exclude others from those folders. Signorelli
contends that his authorization for repairs was limited to having the web browser program
repaired and that he did not license Competition Computers to peruse the personal contents
of his computer. Signorelli contends that the facts of his case distinguish it from Rogers v.
State, in which the San Antonio Court of Appeals held that a customer had no legitimate
expectation of privacy in computer files containing child pornography that were discovered
during a computer technician's attempts to perform repairs to a customer's computer. See
113 S.W.3d 452, 457-58 (Tex. App.-San Antonio 2003, no pet.). In Rogers, the trial court
found that Rogers requested that the technician "back-up" the specific files containing the
child pornography. Id. at 457. The Rogers Court agreed that this fact distinguished it from
Barth. Id. 

 In Signorelli's case, the trial court found that Signorelli had no expectation of privacy
in his computer files. We agree the trial court's finding is supported by the evidence
presented at the hearing. By failing to restrict the repairman's access to the files or folders
at issue and by failing to password-protect them, Signorelli assumed the risk that the
repairman would access them in the general course of repairs. See Lown v. State, 172 S.W.3d
753, 760-61 (Tex. App.-Houston [14th Dist.] 2005, pet. ref'd) (upholding denial of motion
to suppress when the evidence did not prove defendant manifested an objective indication
of his desire to keep certain files confidential). 

 Signorelli also argues that the files at issue were accessed without his consent in
violation of section 33.02, which prohibits a person from knowingly accessing a computer
without the effective consent of the owner. See Tex. Pen. Code Ann. § 33.02 (Vernon
2003). He argues that his consent was ineffective because his authorization was "used for
a purpose other than that for which the consent was given." See Tex. Pen. Code Ann. §
33.01(12)(E) (Vernon 2003) (defining "effective consent"). However, the testimony about
the circumstances of the repairs performed by Competition Computers supports the
conclusion that the computer files were accessed in the course of carrying out Signorelli's
repair order, and the trial court found that the files were accessed in the ordinary course of
Competition Computer's standard repair procedures. Therefore, Texas Penal Code section
33.02 does not apply. 

 By turning his computer over for repairs under the circumstances shown here,
Signorelli, like the depositor in Miller, the patient in Hardy, and the rig-owner in Maxwell,
assumed the risk that Competition Computers would allow the police to access the file
folders and files in issue. As a result, Signorelli had no objectively reasonable expectation
of privacy in those files. Therefore, we conclude that the evidence supports the trial court's
denial of Signorelli's motion to suppress. We overrule Signorelli's three issues, affirm the
trial court's denial of Signorelli's motion, and affirm the trial court's judgment. 

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on June 29, 2007

Opinion Delivered January 16, 2008

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Article 38.23(a) states in part: "No evidence obtained by an officer or other person
in violation of any provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in evidence against
the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005). 
2. The clerk's record contained no order denying the motion to suppress. However,
after the appeal was filed, we remanded the case to allow the trial court to enter findings of
fact and conclusions of law. Among other findings, the trial court indicates that it denied the
motion to suppress. Further, it is apparent from the trial court's statements at the sentencing
hearing that the trial judge was aware that the defendant had filed a notice of appeal
regarding the court's ruling on defendant's motion to suppress. At the sentencing hearing,
the trial court expressly stated that he made a ruling on Signorelli's motion to suppress. The
sentencing-hearing transcript reflects that the trial court admitted the images that were the
subject of the defendant's motion to suppress. The transcript also reflects that the trial court
granted Signorelli the right to appeal. Therefore, despite the absence of a written order
denying the motion to suppress, the record is sufficient to demonstrate that the trial court
denied Signorelli's motion. See Tex. R. App. P. 33.1(a); Gutierrez v. State, 36 S.W.3d 509,
511 (Tex. Crim. App. 2001). 
3. This section creates a criminal offense when a "person knowingly accesses a
computer, computer network, or computer system without the effective consent of the
owner." Tex. Pen. Code Ann. § 33.02(a) (Vernon 2003).