NO. 07-10-0007-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C 

 

SEPTEMBER 22, 2010

 

______________________________

 

 

WILLIAM GENE BAKER,
APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 47TH
DISTRICT COURT OF POTTER COUNTY;

 

NO. 59,764-A;
HONORABLE HAL MINER, JUDGE

 

_______________________________

 

Before QUINN, C.J., and
HANCOCK and PIRTLE, JJ.

 

MEMORANDUM OPINION

 

 

            Appellant, William
Gene Baker, was found guilty of assault causing bodily injury to a family
member[1]
enhanced following a bench trial and sentenced to seven years confinement.  Appellant's single point of error asserts the
trial court abused its discretion and denied Appellant both due process and
equal protection under law by questioning Appellant concerning an uncharged
"bad act" during the guilt/innocence phase of trial.  We affirm.

Background

            In
July 2009, the Potter County Grand Jury indicted Appellant for intentionally,
knowingly, or recklessly causing bodily injury to Ruby Green, a member of Appellant's
family or a member of his household or a person with whom he was in a dating
relationship, by pushing her with his hands and causing her head to strike a
doorknob.  The indictment also contained
an enhancement paragraph alleging Appellant was convicted of a prior felony
offense, robbery, in the 181st District Court of Potter County,
Texas on July 15, 2005.

            Appellant was tried by the bench on
December 17, 2009.  During the guilt/innocence
phase of the trial, the following exchange occurred between the trial court,
Appellant, and defense counsel as follows:

THE COURT:            Mr. Baker, when you made that bond,
you went in and                                   signed the bond, didn't you?

 

[APPELLANT]:          Yes, sir.

 

THE
COURT:            And you were aware you
weren't supposed to have any contact with Ms. Green as a condition of your
bond; isn't that right? 

 

[APPELLANT]:          Oh, yes, sir.

 

THE COURT:            But are you telling me today, under
oath, you still had                                                            contact
with her despite that?

 

[APPELLANT]:          Yes, Your
Honor.

 

[DEFENSE COUNSEL]:     I would like the Court to admonish
him.  I've already                                                   admonished             him.

 

THE COURT:                        I
just want to make sure.  That is true?

 

[APPELLANT]:                      Yes,
sir.  I let her stay with me, yes.

 

THE COURT:                        Okay.

 

[DEFENSE
COUNSEL]:     I have no further questions
of this witness. Thank

 you, Your Honor.

 

Thereafter,
the trial court found Appellant guilty and this appeal followed.

Discussion

            To preserve an error on appeal, the
record must show the appellant made a timely, specific objection or motion to
the trial court stating the grounds for the ruling sought with sufficient
specificity and complying with the rules of evidence and procedure.  See Tex. R. App. P. 33.1(a)(1).  Here, the record shows Appellant's counsel
made no objection premised on due process or equal protection of law during the
trial court's questioning of Appellant. 
Thus, no error was preserved.  Although
Appellant's counsel did request the trial court to admonish his client, this
request came after Appellant had answered the trial court's question in the
affirmative and there was no subsequent request to strike Appellant's response
from the record.  Accordingly, we
overrule Appellant's sole point of error. 
See Gutierrez v. State, 36
S.W.3d 509, 511 (Tex.Crim.App. 2001); Cobb
v. State, 95 S.W.3d 664, 666 (Tex.App.--Houston [1st Dist.] 2002, no
pet.).  




 

Attorney's Fees

            We also note an issue not raised by Appellant regarding the assessment of
attorney's fees.[2]  The written judgment in this case reflects
the assessment of court-appointed attorney's fees totaling $1,750.00, as costs
of court.  In order to assess attorney's
fees as court costs, a trial court must determine that the defendant has
financial resources that enable him to offset in part or in whole the costs of
legal services provided.  Tex. Crim. Proc. Ann. art. 26.05(g)
(Vernon 2009).  Here, the clerk's
record reflects the trial court found Appellant indigent and unable to afford
the cost of legal representation both before trial in May 2009, and again after
trial in January 2010.  Unless a material
change in his financial resources occurs, once a criminal defendant has been
found to be indigent, he is presumed to remain indigent for the remainder of
the proceedings.  Tex.
Code Crim. Proc. Ann. art. 26.04(p) (Vernon Supp.
2009).  Therefore, because there
is evidence of record demonstrating that immediately following rendition of
judgment Appellant was indigent and qualified for court-appointed counsel, we
presume that his financial status has not changed.   

            Furthermore,
the record must reflect some factual basis to support the determination that
the defendant is capable of paying attorney's fees.  Barrera v. State, 291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no
pet.); Perez v. State, 280 S.W.3d
886, 887 (Tex.App.--Amarillo 2009, no pet.).

            We
note that the record in this case does not contain a pronouncement,
determination, or finding that Appellant had financial resources that enable
him to pay all or any part of the fees paid his court-appointed counsel, and we
are unable to find any evidence to support such a determination.  Therefore, we conclude that the order to pay
attorney's fees was improper.  See Mayer v. State, 309
S.W.3d 552, 555-56 (Tex.Crim.App. 2010). 
No trial objection is required to challenge the sufficiency of the
evidence regarding the defendant's ability to pay.  Id.  When the evidence does not support an
order to pay attorney's fees, the proper remedy is to delete the order.  Id. at
557; see also Anderson v. State, No.
03-09-00630-CR, 2010 Tex.App. LEXIS 5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (also modifying judgment to delete attorney's fees).  Accordingly, we modify the judgment to delete
the order to pay attorney's fees.  

CONCLUSION

            Having modified the trial court's judgment to delete the
order obligating Appellant to pay $1,750.00 in attorney's fees, as modified,
the judgment is affirmed.    

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice  

Do not publish.

 











[1]Tex. Penal Code Ann.
§ 22.01(b)(2) (Vernon Supp. 2009).





[2]Courts of appeals may review
unassigned error in criminal cases, particularly where the record discloses
error that should be addressed in the interest of justice.  Hammock v. State, 211 S.W.3d 874, 878 (Tex.App.--Texarkana 2006, no
pet.).  Where, as here, the error
appears on the face of the judgment and does not involve the merits of the
criminal trial, but instead solely addresses the clerical correctness of the
judgment, we find that the interest of justice dictate that we address the
issue.