Opinion issued May 3, 2012


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00518-CR

———————————

Anthony DeMarco Thomas, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 339th District Court

Harris County, Texas



Trial Court Case No. 1274840

 



MEMORANDUM OPINION

          A
jury convicted appellant, Anthony DeMarco Thomas, of
aggravated robbery and assessed his punishment at twenty-five years’
confinement.  In two issues, appellant
argues that the trial court erred in overruling (1) his hearsay objections to
the complainant’s testimony that her debit card had been used after it was
taken in the robbery and (2) his hearsay and lack-of-personal-knowledge
objections to the complainant’s testimony that her debit card had been used at
a specific location after it was taken in the robbery.

          We
affirm.

                                                                                                                                                                
Background

On April 17, 2010, Patricia Martinez, the complainant, was
robbed at gunpoint as she was entering her car in the parking lot of her
apartment building.  Among the items she
reported stolen was her bank debit card. 
Upon learning that the card had been used without her permission, she
contacted the Houston Police Department with the information and also provided
officers with the license plate number of the robber’s car.  The police used the information from Martinez
to obtain surveillance footage at the gas station where the card was used, and officers
subsequently arrested appellant.

At his trial for aggravated robbery, appellant sought a “motion
in limine” on the record before the start of trial
limiting Martinez’s testimony regarding the card’s use after the robbery
because “the best evidence would be the statement itself.  If she’s trying to testify from a statement
that she received as to the use of her credit card, or ATM card, that would be
hearsay.”  The State argued that Martinez
was the proper witness to testify regarding whether her card had been used in
an unauthorized manner, and appellant responded, “[S]he can testify that her
card was used.  But as far as being
specific on the time that it was used . . . there
is a discrepancy now.  So, that’s why
it’s hearsay. . . . [T]he best evidence is the debit card statement.  And they don’t have that.”  The trial court overruled the objection.[1]

Martinez testified that, two days after the robbery
occurred and she reported to the bank that the card had been stolen,
she learned that her debit card had been used. 
Appellant objected on the basis that “what [the bank] told her” was
hearsay.  The trial court sustained this
objection.  The following testimony then
occurred without objection from appellant:

[the State]:  Did
you learn—and without saying what you learned—did you learn that your credit
card was used without your permission?

 

[Martinez]:  Yes, ma’am.

 

[the State]:  Did you
give anybody permission to use that card?

 

[Martinez]:  No, ma’am.

 

[the State]:  And
was that card the card that was actually in your purse that was taken by
[appellant]?

 

[Martinez]:  Yes, ma’am.

 

          Martinez
also testified, without objection from appellant, that she had never used her
card at the gas station where the State argued one of the unauthorized uses occurred.  The State again asked, “Did you learn that
your card had been—,” at which point appellant again objected on the basis of
hearsay.  The trial court sustained the
objection and asked the State to rephrase the question.  The following testimony occurred:

[the State]:  Do
you have knowledge about your bank accounts, and do you follow your bank
accounts?

 

[Martinez]:  I’m sorry. 
What was the question?

 

[the State]:  Do
you follow your bank accounts?  In other
words, do you monitor what’s being charged on your accounts?

 

[Martinez]:  Yes, ma’am.

 

[the State]:  And
so, do you keep track just to make sure, like most of us do, that there aren’t
any unauthorized charges?

 

[Martinez]:  Yes, ma’am.

 

[the State]:  And
based on your monitoring of your records, did you learn that your card had been
used without your permission?

 

[Martinez]:  Yes, ma’am.

 

[the State]:  And did
you learn that that occurred on August 17, 2010?

 

[Appellant]:          Your Honor,
I’m going to object to that.  Again, it’s
violating the best evidence rule.  The
best evidence is the record itself, and anything that she testifies about the
record without the record being in court is hearsay.

 

The trial court overruled
appellant’s objection.[2]

                                                                                                                                           
Admission of Evidence

Both of appellant’s issues on appeal challenge the trial
court’s admission of Martinez’s testimony.

A.              
Standard of Review

We review a trial court’s ruling on the admissibility of
evidence for an abuse of discretion.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex. Crim. App. 2000).  We
will uphold the trial court’s ruling if it was within the zone of reasonable
disagreement.  Id.  In addition, we must
review the trial court’s ruling in light of the evidence before the trial court
at the time the ruling was made.  Id.

Hearsay is a statement, other than
one made by the declarant while testifying at trial, that a party offers to
prove the truth of the matter asserted.  Tex. R. Evid.
801(d); Baldree v. State, 248 S.W.3d 224, 230–31 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d).  Hearsay statements
are inadmissible, except as provided by statute or other rule.  Tex. R.
Evid. 802.  

In addition, Texas Rule of
Evidence 602 provides:

A witness may not testify to a matter unless evidence is
introduced sufficient to support a finding that the witness has personal
knowledge of the matter.  Evidence to
prove personal knowledge may, but need not, consist of the testimony of the
witness.

 

Tex. R. Evid. 602.  When the
State puts forth some evidence of personal knowledge, the appellant then bears
the burden of rebutting that evidence.  See Roy v. State, 813 S.W.2d 532, 541
(Tex. App.—Dallas 1991, pet. ref’d) (citing cases
interpreting Federal Rule of Evidence 602 and application of Texas Rule of
Evidence 602 in civil context).

To preserve error on appeal, a party must make a timely,
specific objection or motion to the trial court that states the grounds for the
ruling sought with sufficient specificity and complies with the rules of
evidence and procedure, and the trial court must rule on the request or
objection.  Tex. R. App. P.
33.1(a); Gutierrez v. State, 36
S.W.3d 509, 511 (Tex. Crim. App. 2001).  Generally,
to preserve error, a party must continue to object each time the objectionable
evidence is offered.  Martinez v. State, 98 S.W.3d 189, 193
(Tex. Crim. App. 2003).  Thus, a
trial court’s erroneous admission of evidence will not require reversal when
other such evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State, 983 S.W.2d
713, 718 (Tex. Crim. App. 1998). 
Furthermore, “[a] motion in limine, whether
granted or denied, preserves nothing for appellate review.”  Griggs
v. State, 213 S.W.3d 923, 926 n.1 (Tex. Crim. App. 2007).

B.              
Analysis

Appellant argues, in part, that the State could have admitted
the computer-generated bank records of the usage of Martinez’s card.  However, these records were not presented to
the trial court, and, therefore, were not relevant to any ruling of the trial
court on the admissibility of the evidence.[3]  See Weatherred, 15 S.W.3d at 542 (stating that reviewing
court is to review trial court’s ruling in light of evidence before court at
time ruling was made).

Appellant argues that Martinez’s testimony that her debit card was used after it was
taken in the robbery was hearsay that should have been excluded by the trial
court.  The record reflects, however,
that appellant failed to object when Martinez testified that, as a result of
her regular monitoring of her account, she learned that an unauthorized charge
had been made using the stolen card.  Thus,
this argument is waived on appeal.  See Martinez, 98 S.W.3d at 193 (holding
that party must continue to object each time objectionable
evidence is offered to preserve error). 
Furthermore, appellant’s pre-trial motion in limine
does not preserve this issue for appellate review.  See
Griggs, 213 S.W.3d at 926 n.1.

Appellant also argues that Martinez’s testimony that her debit card was used at a specific time
and location after it was taken in the robbery was hearsay that should have
been excluded by the trial court.  Appellant
objected to Martinez’s statements regarding the time and place of the
unauthorized use on the basis that it was hearsay and that she lacked personal
knowledge of those facts.  However,
Martinez’s statements regarding the details of unauthorized charges made on her
account were not hearsay statements. 
They were statements made by the declarant while testifying at trial
about her own knowledge.  See Tex.
R. Evid. 801(d) (defining hearsay as “a
statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted”) (emphasis added).

Appellant also argues that Martinez had no personal
knowledge of the details of the allegedly unauthorized transaction, arguing
that “[s]he did not know whether appellant—or anyone else—used her credit
card/ATM card at the applicable time.” 
At trial, he argued that Martinez “doesn’t have personal knowledge as to
when they were used and what time they were used.  The records speak for themselves.”  However, Martinez testified that her
knowledge of the unauthorized use of her card was based on her knowledge about
her bank accounts and on her efforts to “keep track” of her account to prevent
unauthorized uses.  Appellant failed to
elicit any testimony or evidence challenging Martinez’s statement that she had
personal knowledge of her accounts, and he failed to probe the basis of
Martinez’s personal knowledge.  Based on
the evidence in the record, the trial court could have concluded that Martinez had
personal knowledge of which particular expenditures made with her card were
unauthorized.  See Tex. R. Evid. 602; Roy,
813 S.W.2d at 541 (holding that appellant “failed to probe the source of
[witness’s] knowledge” and; therefore, court could not hold that witness’s
statements were “founded entirely on hearsay” and, thus, not based on personal
knowledge).

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]           Appellant’s counsel did not file a
written motion arguing these grounds.





[2]           We note that the State did not
introduce Martinez’s bank records.





[3]           We note that appellant does not make
an argument concerning the sufficiency of the State’s evidence.