**Opinion issued October 17, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-12-00664-CR**

**NO. 01-12-00665-CR**

———————————

**JUNIOR GARVEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1332795 & 1332796**

---

## MEMORANDUM OPINION

A jury convicted appellant, Junior Garvey, of aggravated sexual assault of a

child[1] and indecency with a child[2] and assessed his punishment at fifty years' and

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2012).

five years' confinement, respectively.[3]   In his sole point of error on appeal, appellant argues that the trial court erred in admitting the testimony of an outcry witness.

We affirm.

## BACKGROUND

The complainant, M.F., attended the Diamond A-Cat-A-Me daycare for approximately ten years, beginning when she was a toddler and ending when she was twelve years old.  The daycare's director, Melbra Garvey, was a friend of M.F.'s mother and was married to appellant, who also worked at the daycare.  M.F. viewed the Garveys as parental figures and would sometimes spend the night at their home.

At trial, M.F. testified that in 2005, when she was ten years old, appellant began rubbing her breasts outside and underneath her clothing.  In 2006, appellant progressed to touching her vagina outside her clothing while in his office at the daycare.  Appellant escalated the abuse by touching M.F.'s vagina underneath her clothing in 2007 while in the daycare's kitchen.  In 2009, the abuse culminated in appellant's digital penetration of her vagina while at the daycare.

---

[2]  *See id.* § 21.11 (Vernon 2011).

[3]  Appellant was charged with the offense of aggravated sexual assault in trial court cause number 1332795, resulting in appellate cause number 01-12-00664-CR. Appellant was charged with indecency with a child in trial court cause number 1332796, resulting in appellate cause number 01-12-00665-CR.

2

M.F.'s mother, D.F., testified at trial regarding the outcry of abuse that M.F. made to her in 2009 and subsequent events. Appellant objected to D.F.'s testimony, arguing that it was hearsay and that the State had failed to comply with the provisions of Code of Criminal Procedure article 38.072, governing the admissibility of testimony from outcry witnesses. Specifically, appellant argued that the State's notice of its intent to use outcry-witness testimony was "misleading" and did not properly identify D.F. as an outcry witness.

The notice provided to appellant had a space designated for naming the outcry witnesses, but it was left blank. Below that section, the notice stated,

> The summary of the statements are as follows: Cilya Broadnax, *[sic]*
> On or about June 27, 2011, [M.F.] told Officer C. Brown and Officer C. Kimbrough that he [sic] had been molested for approximately 5 years . . . and that he (meaning the Defendant) would take her to his room at Diamond Academy and touch her breasts and body. . . . [H]e touched her private areas, including putting his finger in her private area. [M.F.] also stated that she stayed the night at his home and he put his finger in her private parts when she was in the family room.
> On or about June 23, 2011, after a presentation on child abuse by a police officer, [M.F.] told her teacher, Ms. Stanfield . . . that "that had just happened to her and had been happening to her for a long time and it had just stopped happening."
> On or about June 27, 2011, [M.F.] told her assistant principal, Cilya Broadnax, that she had been abused by a family friend who owns a daycare (meaning the Defendant). [M.F.] stated that he had been touching her, and had almost penetrated her with his finger. [M.F.] stated the touching began in the third grade and continued until December of her 8th grade year.
> On or about July 1, 2010, [M.F.] told her mother, [D.F.], that the Defendant, Junior Garvey, had touched her on her breasts and private place. [M.F.] described the incident when she sat on his knees

3

to use a computer and he touched her private place. M.F. also described an incident that occurred when she spent the night at the Defendant's house and he touched her when she had fallen asleep in the living room.

The trial court overruled appellant's objections, stating that it would allow D.F. to testify regarding the statements that were included in the State's notice as being made to her by M.F..

D.F. testified that one evening while they were preparing to attend a party at the Garveys' home, M.F. became visibly upset and told her repeatedly that she did not want to attend. M.F. revealed for the first time that she had been sexually abused by appellant beginning in 2005. M.F. told D.F. that appellant touched her breasts and private area while she sat on appellant's lap. D.F. also testified that M.F. told her that appellant put his finger in her vagina while they were in his office and had done it before and that M.F. recounted another incident in which she was on the couch in appellant's home and appellant touched her body.

M.F. thought of the daycare as a second home, and she did not want the police to become involved for fear the daycare or the Garveys would get in trouble. D.F. testified that both she and M.F. confronted Melbra Garvey with the allegations. The next day, appellant denied the allegations and claimed that M.F. had a motive to fabricate the allegations; he claimed that she was lying because he had yelled at her for unauthorized computer use the day before. Because M.F. did not want the daycare to get in trouble, D.F. did not report the abuse to the police.

4

However, M.F. had no further contact with the Garveys and did not return to the daycare.

Two years after her initial outcry, while attending summer school, M.F. spoke again about the alleged abuse. A police officer spoke to her middle school class, and after the presentation, M.F. told the officer and the teacher, Camula Stanfield, about her ordeal. They reported the abuse to Cilya Broadnax, the middle school's associate principal, and Broadnax had a conversation with M.F. about the abuse. They also reported the abuse to the police, who subsequently conducted an investigation. Stanfield testified at trial regarding the outcry of abuse that M.F. made to her. The State also presented the testimony of the officers involved in the investigation.

After learning the alleged abuse had been reported to the police, the Garveys apologized to M.F. in her home. M.F. testified that appellant apologized for the abuse she had suffered. She also testified that she got the impression from appellant's apology that he wanted her to tell the police that nothing bad had happened. However, at trial, appellant again denied abusing M.F., and he testified that he apologized to her for shouting at her about her computer use. Appellant's wife also testified on his behalf.

A jury convicted appellant of both aggravated sexual assault and indecency with a child. This appeal followed.

5

**Testimony of Outcry Witness**

In his sole point of error on appeal, appellant argues that the trial court erred in admitting D.F.'s testimony.

**A.     Standard of Review**

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.* In addition, we must review the trial court's ruling in light of the evidence before the trial court at the time the ruling was made. *Id.*

Hearsay is a statement, other than one made by the declarant while testifying at trial, that a party offers to prove the truth of the matter asserted. TEX. R. EVID. 801(d); *Baldree v. State*, 248 S.W.3d 224, 230–31 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Hearsay statements are inadmissible, except as provided by statute or other rule. TEX. R. EVID. 802. The Code of Criminal Procedure provides a statutory exception to this general rule: when a defendant is charged with certain offenses against a child under fourteen, including aggravated sexual assault of a child and indecency with a child, article 38.072 permits the first person over the age of eighteen to whom the child makes a statement describing the offense to testify as to the child's statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp. 2012); *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App.

6

2011). To invoke the statutory exception, the party intending to offer the statement must meet certain procedural requirements, including timely notifying the defendant of the outcry witness's name and a summary of the testimony. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1); *see Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). We review the trial court's determination of the proper outcry witness for an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

## B.    Admission of D.F.'s Testimony

Appellant specifically argues on appeal that: (1) D.F.'s testimony regarding M.F.'s outcry was "unreliable because [it was] not consistent with other evidence or corroborated in any way"; (2) D.F. "was permitted to testify about collateral and extraneous offenses"; (3) the State's written notice "did not identify [D.F.] as the outcry witness"; (4) the State's written notice "did not provide a sufficiently detailed recitation of the proposed outcry testimony, in particular it did not describe a penetration of the complainant's vagina which constituted the offense of aggravated sexual assault versus the indecency with a child allegations in the summary"; (5) D.F.'s testimony "exceeded the scope of the summary given to appellant by including an allegation that he penetrated [M.F.'s] vagina with his finger, a crime not suggested by the summary which only alleged indecency with a child by contact"; and (6) D.F. "was permitted to repeat statements made by the

7

complainant which were ambiguous, did not describe a criminal offense in any discernible manner, and which constituted general allusions to abuse."

### 1.    *Preservation*

The State argues that appellant failed to preserve his complaint that D.F.'s testimony regarding M.F.'s outcry was "unreliable because [it was] not consistent with other evidence or corroborated in any way."  It also argues that he failed to preserve his complaints that the trial court erred in admitting D.F.'s testimony because she "was permitted to testify about collateral and extraneous offenses" and because her testimony "exceeded the scope of the summary" in the State's written notice.  The State further asserts that appellant failed to preserve his complaint that D.F. "was permitted to repeat statements made by the complainant which were ambiguous, did not describe a criminal offense in any discernible manner, and which constituted general allusions to abuse."

To preserve a complaint for review on appeal, a party must make a timely, specific request, objection, or motion to the trial court that states the grounds for the ruling sought, and the trial court must rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a); *Gutierrez v. State*, 36 S.W.3d 509, 510 (Tex. Crim. App. 2001).    Furthermore, the complaint raised on appeal must comport with the objection made in the trial court.  *See Swain v. State*, 181 S.W.3d 359, 367 (Tex.

8

Crim. App. 2005) (holding that appellant failed to preserve complaint for review when trial objection did not comport with issue raised on appeal).

Here, appellant objected to D.F.'s testimony at trial on the ground that it constituted hearsay, and he argued that the State's written notice was misleading and did not properly identify D.F. as an outcry witness. He did not object on the basis that the statement was unreliable or otherwise raise that issue in the trial court. *See id.* Thus, this argument is not preserved.

Regarding his complaints that D.F.'s testimony exceeded the scope of the summary contained in the State's written notice, that D.F. erroneously testified about "collateral and extraneous offenses," and that D.F. repeated ambiguous statements relating general allegations of abuse, appellant fails to identify the specific statements at issue or cite any authority supporting his contentions of inadmissibility. *See* TEX. R. APP. P. 38.1(i) (providing that appellate brief must contain clear and concise argument for contentions made, with appropriate citations to authority and to record); *see also Mims v. State*, 238 S.W.3d 867, 874 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding, where appellant failed to specifically identify complained-of statement that allegedly constituted hearsay or cite any authority, that appellant waived his complaint). Furthermore, appellant did not object to any of D.F.'s testimony in a way that would have put the trial

court on notice of these complaints. *See* TEX. R. APP. P. 33.1(a); *Swain*, 181 S.W.3d at 367; *Gutierrez*, 36 S.W.3d at 510.

We conclude that appellant failed to preserve these complaints for our review, and, thus, they are overruled. However, appellant did object at trial that the State's written notice was "misleading" and that it failed to properly identify D.F. as an outcry witness. Thus, we consider appellant's remaining contentions on appeal.

### 2. *Notice and identification of the outcry witness*

Appellant argues that the trial court erred in admitting D.F.'s testimony because the State's written notice "did not identify [D.F.] as the outcry witness" and because it "did not provide a sufficiently detailed recitation of the proposed outcry testimony" due to its failure to "describe a penetration of the complainant's vagina which constituted the offense of aggravated sexual assault versus the indecency with a child allegations in the summary." For the outcry statement to be admissible, the State was required to provide timely notice of its intention to introduce such testimony, including notifying the defendant of the name of the witness through whom it intends to offer the statement and providing a written summary of the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1).

Appellant claims that the trial court erred in admitting D.F.'s testimony because the State failed to provide proper notice identifying her as the outcry witness. Appellant complained at trial that the notice erroneously listed Broadnax's name immediately following the part of the notice providing "[t]he summary of the statements are as follows" and that this error led him to believe that Broadnax was the only witness who would testify regarding M.F.'s outcry of abuse. However, Broadnax would not have been able to testify as to the outcry statements that M.F. made to others. *See  id.* § 2(a)(3) (defining outcry witness as first person over age eighteen to whom child made statement concerning offense), § 2(b)(1)(B) (requiring State to provide notice of name of outcry witness). The notice, when read in its entirety, indicated that the witnesses listed in the individual paragraphs, including D.F., would be testifying as to the outcry statements made to them and summarized the outcry statements that M.F. made to each of them. We conclude that the trial court did not abuse its discretion in concluding that appellant had sufficient notice of the State's intention to call D.F. as an outcry witness. *See Garcia*, 792 S.W.2d at 92.

Appellant also argues that the summary of D.F.'s statement was not sufficiently detailed. However, the summary stated that M.F. told D.F. that appellant "touched her on her breasts and private place," that M.F. "described the incident when she sat on his knees to use a computer and he touched her private

11

place," and that appellant "touched her when she had fallen asleep in [his] living room." This summary describes the alleged offense of indecency with a child in a discernible manner by describing contact of a sexual nature between appellant and M.F., and it provides more than just a general allusion that abuse had occurred. It describes the specific type of touching M.F. reported—i.e. touching her breasts and "private place" and described two specific instances of such touching—an instance at the daycare while M.F. sat on appellant's lap and an instance at appellant's home. *See Garcia*, 792 S.W.2d at 91 (stating that outcry witness is "the first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense" and that "the statement must be more than words which give a general allusion that something in the area of child abuse was going on").

Furthermore, the summary largely comports with D.F.'s testimony at trial. D.F. testified that M.F. revealed that she had been sexually abused by appellant beginning in 2005, that appellant touched her breasts and private area while she sat on appellant's lap, that appellant put his finger in her vagina while they were in his office and had done it before, and that appellant touched her body while she was lying on the couch at appellant's home. Thus, we conclude that the summary provided adequate notice of the testimony that would be offered by D.F.

12

Appellant's complaint that D.F.'s testimony at trial included allegations of digital penetration that were not made clear in the summary is essentially a complaint that D.F.'s testimony exceeded the scope of the statements related in the summary. We have already concluded that appellant waived this complaint for failure to object on this basis in the trial court. Following appellant's objection that the notice was misleading and did not properly identify D.F., the trial court ruled that it would allow D.F. to testify as to the statements contained in the State's written notice. However, when D.F. subsequently testified regarding M.F.'s outcry of digital penetration, appellant failed to object. Thus, he did not preserve his complaint that D.F.'s testimony exceeded the scope of the summary of her statement. *See* TEX. R. APP. P. 33.1(a); *Swain*, 181 S.W.3d at 367; *Gutierrez*, 36 S.W.3d at 510.

## CONCLUSION

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).