

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00347-CR

———————————————

BRITTNEY MICHELLE BRIGHT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1538670D

---

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

Appellant Brittney Michelle Bright pleaded guilty without the benefit of a plea-bargain agreement to endangering a child. *See* Tex. Penal Code Ann. § 22.041(c), (f). The trial court found Bright guilty and sentenced her to nine months in a state-jail facility.

In one point, Bright argues that the trial court erred by admitting State's Exhibit 4 (an Instagram profile including Bright's married name, photo, and information) and State's Exhibit 5 (an Instagram message purportedly from Bright with Bright's photo on it) because the State had not properly authenticated them. We hold that Bright has not preserved her complaint.

When the prosecutor offered State's Exhibits 4 and 5 into evidence, Bright initially appeared to raise three objections, one of which was authentication, but when the trial court asked her to specifically state her grounds, she settled on two objections, neither of which was authentication:

[PROSECUTOR]: At this time I would move to enter State's Exhibit 5 and 6.

Tender it to the Defense.

[State's Exhibit Nos. 4, 5 offered.]

[DEFENSE COUNSEL]: Your Honor, Defense would object to both of these as being hearsay.

There's no proof of who typed these. There's no proof of who actually owns that account. There's no proof of anything but a picture that I could have put on there myself using Snippit from a computer and

given 15 good minutes -- and if the Court would like me to demonstrate it, I can.

But we would object to this as fundamental hearsay. It is out-of-court stuff with no verification that is supposedly being used to show that my client somehow typed it when nobody can attest to that.

THE COURT: Can I see the exhibits?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: You said 5 and 6 on the record, you actually mean 4 and 5, correct, Ms. [Prosecutor]?

[PROSECUTOR]: Yes, I apologize, Your Honor.

[State's Exhibit Nos. 4, 5 offered.]

[DEFENSE COUNSEL]: Your Honor, we would further object under optional completeness. There is no nothing to show what showed before or after in response to provocation thereof.

THE COURT: There is nothing on the record about that either, Mr. [Defense Counsel]. So that objection is overruled.

So Ms. [Prosecutor], point taken . . . by Mr. [Defense Counsel]. How do we know this is from the defendant? I mean, I understand that --

Well, actually the -- what's your legal objection, Mr. [Defense Counsel]?

[DEFENSE COUNSEL]: It's hearsay.

THE COURT: That objection is overruled.

What else you got?

[DEFENSE COUNSEL]: Optional completeness.

THE COURT: I've already overruled that objection. Anything else?

3

[DEFENSE COUNSEL]: No, Judge.

THE COURT: State's 4 and 5 are admitted, then.

[State's Exhibit Nos. 4, 5 admitted.]

Although Bright arguably initially raised three objections (hearsay, optional completeness, and authenticity), when challenged by the trial court for specificity, Bright voiced only two (hearsay and optional completeness), and the trial court expressly ruled on only those two. "To preserve error, a party must, among other things, obtain a ruling on the complaint or object to the trial judge's refusal to rule." *Smith v. State*, 499 S.W.3d 1, 5 (Tex. Crim. App. 2016) (citing Tex. R. App. P. 33.1(a)(2)), *cert. denied*, 140 S. Ct. 833 (2020). When, as here, the record shows that (1) the trial court, before ruling, asked Bright to specifically articulate her grounds; (2) Bright asserted two grounds, neither of which was authentication, and when asked, denied having any others; and (3) the trial court ruled on only the two grounds that Bright voiced, we hold that the trial court did not impliedly overrule an authentication objection. The trial court went to pains to pin down precisely what Bright's objections were and, in the process, to define the precise scope of its rulings. *See* Tex. R. App. P. 33.1(a)(2)(A); *Gutierrez v. State*, 36 S.W.3d 509, 511 n.1 (Tex. Crim. App. 2001) ("[E]ven under [the prior rules], an appellate court was required to query whether an express or implied ruling was made by the trial court in considering . . . whether an issue had been preserved for appellate review."); *cf. Chavezcasarrubias v. State*, No. 02-14-00418-CR, 2015 WL 6081502, at *1 (Tex. App.—Fort Worth

4

Oct. 15, 2015, no pet.) (mem. op., not designated for publication) (holding appellant preserved authentication argument even though his only objection was hearsay because his voir dire of the sponsoring witness pertained to the text messages' authorship and because the trial court used the authentication factors and cited the authentication rule (Tex. R. Evid. 901) when overruling appellant's objection). Specific objections are required so that the trial judge has an opportunity to rule and so that opposing counsel has an opportunity to remove the objection or supply other testimony. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009); *Johnson v. State*, 901 S.W.2d 525, 533 (Tex. App.—El Paso 1995, pet. ref'd). Given the trial court's question to the prosecutor ("How do we know this is from the defendant?"), the record does not show how the trial court would have ruled, and were we to imply an adverse ruling, we would have to review the record without the prosecutor's having had an opportunity to respond. We hold that Bright has not preserved her authentication complaint and overrule her sole issue.

We affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 3, 2021