**Victor Lamont MIMS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 01–06–00230–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 24, 2007.

Ted Doebbler, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty., Harris County, Alan Curry, Asst. Dist. Atty., Houston, for State.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

EVELYN V. KEYES, Justice.

We withdraw our previous opinion and judgment dated July 12, 2007 and issue the following opinion in its stead. *See* Tex.R. App. P. 50.

Appellant, Victor Lamont Mims, appeals from a jury verdict that found him guilty of murder. *See* Tex. Pen.Code Ann. § 19.02(b) (Vernon 2003). After the jury found him guilty as charged in the indictment, the trial court assessed his punishment at life imprisonment. In two points of error, appellant argues that the trial court erred by admitting hearsay testimony and that his constitutional rights to cross-examination and confrontation were violated.

We affirm.

## Background

In the early morning of September 1, 2004, the decedent, Alonzo Moten, knocked on his friend, Harold Shephard's, door. Shephard testified that Moten came to his house early in the morning and appeared "scared and weird." Shephard testified that Moten said that he did not want anybody to know he was at Shephard's house and that he had parked his car in the back of Shephard's house by a church. Moten told Shephard that appellant had been bumping his car and that the bumping of his car had caused him to hit a post. Moten said he was afraid because appellant was chasing him.

Appellant arrived at Shephard's house 20 or 30 minutes after Moten. Shephard testified that, when appellant knocked on the door, Moten ran into the back room

and told Shephard to tell appellant he was not there, which Shephard did. A little while later, Moten gave a police report of a "hit and run" at 9455 West Montgomery, the north division police station of the Houston Police Department. After giving the report, Moten drove away.

Later, during the early morning of September 1, 2004, Jermome Davis, who was tending to his horses in northwest Houston, heard gunshots. After he heard a second gunshot, he went in the direction of the gunfire. Davis testified that he observed a man crouching behind a truck who was holding a pistol and firing into the intersection. Davis thought the shooter was firing in the direction of a light-colored car approaching the truck from the east. After the shooting stopped, the car veered off the road. Davis called 911, and police came to the scene.

Moten, who had been driving the car that had been shot, was taken to a hospital by medical personnel, where he later died. Dr. Ana Lopez, an assistant medical examiner with the Harris County Medical Examiner's Office, determined that Moten died from gunshot wounds to his head. Based on the description received from Davis and information received from Crimestoppers, police obtained a warrant for appellant's arrest. Appellant was later apprehended in Oklahoma.

### Admission of Evidence

In his first point of error, appellant argues that the trial court erred by admitting testimony of Moten, through the testimony of a witness, Shephard. Appellant argues that the testimony of Moten was testimonial and that its admission was harmful to appellant's defensive theory of self defense. Appellant also argues that his constitutional right to confrontation of the witness was violated. Appellant further argues that the testimony was hearsay. The State argues that Moten's testimony was not testimonial for purposes of *Crawford v. Washington. See* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Prior to calling Shephard, the State had the following exchange with the trial court:

**State:** The State is going to be calling Harold Shephard, Your Honor, who I anticipate is going to testify that around 4:00 in the morning on September 1, 2004, Alonzo Moten, who is his friend and acquaintance, came to his back door upset and afraid. He told Harold Shephard that [appellant], who they both know, was chasing him, that [appellant] had bumped his car causing Alonzo to wreck it, that he had hidden his car at a church, which is behind Harold Shephard's house, asking Mr. Shephard not to tell [appellant] that he was there.

**Court:** [Defense counsel], you may proceed on your objection.

**Defense:** Judge, for purposes of the record, would the Court and would the State agree that this evidence is being offered by the State under the auspices of Rule 803(1), what is called the present-sense impression exception to the hearsay rule. Is that fair to say?

**Court:** Mr. Trent?

**State:** Yes, Your Honor.

**Defense:** Judge, that having been said, the Defense would object on several grounds. Number one, that the proffered testimony by Mr. Shephard would violate the hearsay rule under Rule 802 of the Texas Rules of Evidence, that the proffered testimony of Mr. Shephard would violate the Texas Constitution, Article I, Section 10, right to confrontation by the accused, since we will not be able to cross-examine the declarant.

The defense would also object that the pro[ffered] testimony of Mr. Shephard is a violation of [appellant's] constitutional right of confrontation and cross-examination under the 6th Amendment to the U.S. Constitution as set forth in what is the similar case of *Crawford v. Washington.*

Lastly, the Defense would object that the proffered testimony of Mr. Shephard violates Rule 803, that being the hearsay [exemption] under which the State is proffering this testimony, 803(1), what is commonly called the present-sense impression exception to the hearsay rule. Amongst other things, outside the statement itself, there is no evidence that Mr. Moten perceived the event or condition. And those are our objections, Your Honor.

. . .

**Court:** And based upon those cases, the Court, at this time, overrules your objections. Also you'll have a running objection, if you want one, to this testimony.

After the court's ruling, Shephard testified that Moten came to his house early in the morning and appeared scared, weird, and paranoid. Moten parked his car in the back by a church and said that he did not want anybody to know that he was at Shephard's house. Moten also said that appellant had been bumping his car and that the bumping of his car caused him to hit a post. Moten said that he was afraid because appellant was chasing him. Appellant arrived at Shephard's house 20 or 30 minutes after Moten. Shephard testified that when appellant knocked on the door Moten ran into the back room and told Shephard to tell appellant that Moten was not there.

## Standard of Review

We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard of review. *See Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim.App.2000). An abuse of discretion occurs where a trial court's decision lies outside the zone of reasonable disagreement. *See Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990). In determining whether a trial court has abused its discretion, we consider whether the court acted arbitrarily or unreasonably or without reference to guiding rules or principles. *Id.* at 380.

## Confrontation Clause

Appellant first argues that the trial court erred by admitting the evidence because it violated his Sixth Amendment right to confront the witnesses against him. *See* U.S. CONST. amend VI. In deciding the constitutional issue of whether the admission of a statement of another violates a defendant's Sixth Amendment confrontation right, appellate courts review the trial court's ruling de novo. *See Lilly v. Virginia,* 527 U.S. 116, 137, 119 S.Ct. 1887, 1900, 144 L.Ed.2d 117 (1999) (stating that courts should "independently review" whether out-of-court statements violate the Confrontation Clause); *Muttoni v. State,* 25 S.W.3d 300, 304 (Tex.App.-Austin 2000, no pet.).

The Confrontation Clause of the Sixth Amendment to the United States Constitution states "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. This right applies to state as well as federal criminal prosecutions. *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (1965). The Supreme Court has interpreted the Confrontation Clause to "demand" that out-of-court "testimonial" statements by a witness are barred unless (1) the witness is unavailable to testify and (2) the defendant had a prior

opportunity to cross examine the witness, regardless of whether the statements are deemed reliable by the court. *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). The Supreme Court in *Crawford* declined to give a comprehensive definition of testimonial statements; however, the Court did state that the term applies "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and [responses] to police interrogations." *Id.* When the Court in *Crawford* discussed the applicability of the Confrontation Clause to police interrogations, it expressly stated that it was using the term "interrogation" in the colloquial sense rather than the legal sense.[1] *Id.* at 53 n. 4, 124 S.Ct. at 1365 n. 4.

Appellant argues that the statements made by Moten to Shephard constitute testimonial evidence. However, besides asserting, "Obviously, the testimony of the complainant, by and through Harold Shephard, was testimonial," appellant does not state why the evidence was testimonial.

*Crawford* states there are a "core class of 'testimonial' statements": (1) ex parte in-court testimony, (2) affidavits, (3) depositions, (4) confessions, (5) custodial examinations, and (6) statements made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for use at a

later trial. *Id.* at 51–52, 124 S.Ct. at 1364. In *Campos v. State,* we held that statements made by the complainant to a neighbor in the middle of the night were not statements that the complainant would reasonably expect would be used at a later trial. *See* 186 S.W.3d 93, 97 (Tex.App.-Houston [1st Dist.] 2005, no pet.). For the same reason, we cannot conclude that, when Moten told Shephard (1) that he parked his car behind the church, (2) that appellant was chasing him, and (3) that Moten requested that Shephard not tell appellant where he was, Moten would have reasonably expected the statements to be used at a later trial. *See id.; see also King v. State,* 189 S.W.3d 347, 359 (Tex. App.-Fort Worth, 2006, no pet.) (holding that statements were not testimonial because statements were not made to police officer or court official but instead were made to friends in course of conversations about how victim had purportedly died and about disposing of victim's body).

After reviewing Shephard's testimony which the trial court admitted, we conclude that the testimony does not fall within any of the classes of testimonial statements listed in *Crawford.* We therefore conclude that the trial court did not violate appellant's constitutional right to confrontation and cross-examination by allowing Shephard to testify about his conversations with Moten.[2]

1. Subsequently, the Supreme Court clarified the meaning of "testimonial" with respect to police interrogations as follows:

   Without attempting to produce an exhaustive classification of all conceivable statements—or even all conceivable statements in response to police interrogation—as either testimonial or nontestimonial, it suffices to decide the present cases to hold as follows: Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance

   to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

   *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 2273–74, 165 L.Ed.2d 224 (2006).

2. Appellant also argues that his rights were violated under the Texas Constitution. Appellant has not identified any distinction between the analysis we apply under the federal Con-

**Improper Hearsay**

■ Appellant next argues that Shephard's testimony should have been excluded because it was improper hearsay. *See* Tex.R. Evid. 802. The State responds that the statements were admissible as an exception to the hearsay rule.

■ The admissibility of out-of-court statements allowed under a hearsay exception is delegated to the trial court's discretion, and the trial court's decision to admit such statements should be reversed only upon a showing of a clear abuse of discretion. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex.Crim.App.2003). An abuse of discretion occurs "when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

■ Statements that qualify as hearsay are inadmissible at trial unless a statute or an exclusion in the Texas Rules of Evidence applies. *See* Tex.R. Evid. 802. The State argues that the testimony was admissible as an excited utterance,[3] which is an exception to the hearsay rule. *See* Tex.R. Evid. 803(2). An excited utterance is defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex.R. Evid. 803(2); *Salazar v. State,* 38 S.W.3d 141, 154 (Tex.Crim.App.2001). In determining whether a hearsay statement is admissible as an excited utterance, the court may look at the time that elapsed between the event and the statement, as well as whether the statement was in response to a question; however, neither of those two factors is dispositive. *See Lawton v. State,* 913 S.W.2d 542, 553 (Tex. Crim.App.1995); *Penry v. State,* 903 S.W.2d 715, 750–51 (Tex.Crim.App.1995). The critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, fear, excitement, or pain of the event at the time of the statement. *Zuliani,* 97 S.W.3d at 596.

Here, Shephard's testimony recounting his observations of Moten shows that Moten was still dominated by the emotions of being chased and "bumped" by appellant, when Moten arrived at Shepherd's home at 4 a.m. on September 1, 2004. Moten acted scared, weird, and paranoid. He told Shephard that appellant was chasing him and had been bumping his car. When appellant came to Shephard's house 30 minutes after Moten arrived, Moten ran into a back room and told Shepherd to tell appellant he was not there. Based on Moten's emotional state, reasonable people could disagree about whether he was still dominated by the emotions of his previous encounters with appellant when he made the statements to Shepherd. *See Zuliani,* 97 S.W.3d at 595–96; *Campos,* 186 S.W.3d at 99. Therefore, we conclude that the

frontation Clause and the analysis we apply under the Texas Constitution. *See Key v. State,* 173 S.W.3d 72, 77 (Tex.App.-Tyler 2005, pet. ref'd). When an appellant offers no reason for construing the Texas Constitution as conferring greater protection in an area of law than the federal constitution, we will not address his state constitutional argument. *See Black v. State,* 26 S.W.3d 895, 896 n. 4 (Tex.Crim.App.2000). This specifically applies when, as here, an appellant fails to point out any meaningful distinctions between the Confrontation Clauses in the federal and Texas Constitutions. *See Lagrone v. State,* 942 S.W.2d 602, 614 (Tex.Crim.App.1997). Also, appellant cites no argument or authorities regarding how his rights under the Texas Constitution were violated. *See* Tex.R.App. P. 38.1(h). Thus, appellant has waived this complaint.

3. The State does not disagree that the admitted testimony was hearsay.

trial court did not abuse its discretion in admitting Shephard's testimony.

We overrule appellant's first point of error.

### Hearsay Testimony

■ In his second point of error, appellant argues that the trial court erred in admitting hearsay testimony because the testimony was not consistent with witness accounts and was therefore hearsay. Appellant objected to the following exchange between the State and Officer Scales of the Houston Police Department:

**State:** Was the version that [appellant] gave you consistent with witness statements that you had gotten to that point?

**Scales:** Correct.

**Defense:** I object to the speculation. It calls for hearsay and comparison between hearsay statements.

**Court:** You talked to the witnesses? Had you yourself talked to the witness?

**Scales:** Yes.

**Court:** You may proceed.

**State:** Was the version that [appellant] gave you on October 2, 2004, of being involved in a chase and then pulling over and having to shoot because he had no choice, was that consistent with the witness accounts you had been given at that point?

**Defense:** Excuse me. I would like to make a hearsay objection and get a ruling on that.

**Court:** Overruled.

**Scales:** No.

At trial, appellant neither identified which statement he was objecting to as hearsay, nor did he explain to the trial court how the statement, if any, was hearsay. *See* Tex.R.App. P. 33.1(a)(1)(A).[4] On appeal, appellant also does not specifically identify which statement he believes is inadmissible hearsay. Appellant also does not cite any authority, other than the hearsay rule, that the trial court admitted a statement that was hearsay. Accordingly, we conclude that appellant has waived his complaint. *See* Tex.R.App. 33.1(a)(1)(A), 38.1(h).

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.

---

4. As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]