**Opinion issued August 21, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00587-CR

———————————

**DUANE LEE WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Court Case No. 12-14603**

## MEMORANDUM OPINION[1]

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

A jury found Duane Lee Washington guilty of murder[2] and assessed punishment at confinement for life. In two issues, appellant contends that (1) the evidence was insufficient to support the jury's verdict and (2) the trial court erred by allowing certain witness testimony under Texas Rule of Evidence 613. We affirm.

## Background

Appellant was indicted for the December 26, 2003 murder of his grandfather, Ernest Jackson, by intentionally and knowingly causing his death by means of a deadly weapon. The indictment was enhanced by two prior convictions: a state jail felony for drug possession and a second-degree felony conviction for assault on a public servant. Appellant pleaded not guilty to the charge and the case proceeded to trial.

The State presented seven witnesses: Beaumont Police Officer Reed Abel, one of the first officers dispatched to the crime scene; Shirley Gilder, the complainant's daughter and appellant's aunt; Corwin Johnson, appellant's friend; Tisha Ogelsby, appellant's former girlfriend; Ebony Cartwright, the wife of appellant's deceased best friend, Jeffrey "Speedy" Maze; Christopher "Yum-Yum" Thomas, who met appellant while appellant was in jail on an unrelated charge; Larry Bias, who met appellant while appellant was jailed on an unrelated charge;

---

[2] *See* TEX. PENAL CODE ANN. § 19.02 (West 2011).

Dr. Tommy Brown, the forensic pathologist who performed the complainant's autopsy; and Beaumont Police Sergeant Jesus Tamayo, the officer assigned to investigate the murder.

The jury found appellant guilty of the charged offense and assessed his punishment at life imprisonment. Appellant timely filed this appeal.

## Analysis

Appellant's first issue contends that the evidence is factually and legally insufficient to support the jury's verdict because there is no evidence that connects him to the crime.

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.") (referring to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071

(1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The jury is the sole judge of the credibility of witnesses and the weight to give testimony, and our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

A person commits murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). A firearm, such as a handgun, is a deadly weapon. TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West 2011).

Ogelsby, appellant's ex-girlfriend, testified as follows:

Q:   A few days after the funeral of [appellant's] grandfather, were you-all talking?

A:   Yes.

Q:   Do you recall what you-all were talking about and where you-all were?

A:   We were sitting in my car and we just started talking and he was telling me about his grandfather's death.

Q:   Do you recall what he told you about his grandfather's death?

A:   He told me that he had shot him. He said his grandfather had been abusing his mother and that hurted [sic] him.

Cartwright, the wife of appellant's deceased best friend, testified as follows:

Q:   Ebony, did Corwin [Johnson] ever tell you who shot [appellant's] grandpa?

A:   Yes.

4

Q: What did Corwin tell you?

A: He said they shot—I mean, he said [appellant] shot him.

Q: Appellant shot who, the old man?

A: Yes, sir.

Q: Meaning what, his grandfather?

A: Yes, sir.

Thomas, who met appellant while both were in jail, testified as follows:

Q: While you were in jail, did you ever have a chance to speak with [appellant] regarding a murder that took place on Christmas Day, around Christmas Day, 2003?

A: Yes, I did.

Q: What did [appellant] tell you about that murder?

A: That he had killed his grandfather.

Bias, who also met appellant in jail, testified as follows:

Q: Did [appellant] tell you how his grandpa was killed?

A: Yes.

Q: Did he say who killed his grandpa?

A: He said he did.

Q: Did he say how he killed him?

A: He shot him in the head.

Sergeant Tamayo testified as follows:

5

Q:     And how did [appellant] become a suspect?

A:     I received a call from a police officer from Port Arthur who told me that he had received information from a confidential informant that [appellant] had been bragging about killing Mr. Jackson.

Considering this testimony in the light most favorable to the verdict, as we must, we conclude that a rational jury could have found each element of the charged offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).  Accordingly, we hold that the evidence is sufficient to support the jury's verdict. *See id*.  We overrule appellant's first issue.

In his second issue, appellant argues that the trial court erred in admitting Sergeant Tamayo's testimony under Texas Rule of Evidence 613.  The State asserts that Rule 613 is inapplicable here because the rule does not apply to a statement made by a defendant to a law enforcement officer but only to another witness at trial.

At the outset, we note that appellant fails to identify the portion of Sergeant Tamayo's testimony to which he objects on appeal.[3]  Instead, citing pages 199 to 217 of volume four of the reporter's record, appellant generally states that the trial

---

[3]     TEX. R. APP. P. 38.1(i) (requiring appellate brief to contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); *see also Mims v. State*, 238 S.W.3d 867, 874 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding complaint on appeal was waived where appellant failed to specifically identify statement he claimed was hearsay).

6

court erred in "allow[ing] that testimony under 613 T.R.E."[4]  Further, our review

of the record reveals that the trial court did not admit any of Sergeant Tamayo's

testimony pursuant to Rule 613.[5]

Appellant also asks this Court "to consider [Code of Criminal Procedure]

Articles 38.21 and 38.23 and the line of cases that illuminate them."  However,

appellant provides no argument, analysis, or legal authority to support his request.

*See* TEX. R. APP. P. 38.1(i).  Further, to the extent appellant is arguing that Sergeant

Tamayo's testimony regarding appellant's statements while in jail on an unrelated

charge was inadmissible because appellant was not previously advised of his

---

[4]      Rule 613(a) provides, in pertinent part, as follows:

> **(a) Examining Witness Concerning Prior Inconsistent Statement.** In examining a witness concerning a prior inconsistent statement made by the witness, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of, such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement. If written, the writing need not be shown to the witness at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted. This provision does not apply to admissions of a party-opponent as defined in Rule 801(e)(2).

TEX. R. EVID. 613.

[5]      Rather, the record reflects that the trial court admitted Corwin Johnson's July 2, 2012 sworn written statement pursuant to Rule 613 solely for impeachment purposes.

*Miranda*[6] rights, appellant has not preserved error, if any, for our review because he did not object at trial on this ground. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (concluding where record did not reflect whether appellant was given *Miranda* warnings, error was not preserved for review because appellant did not object at trial). Moreover, we are aware of no evidence in the record, nor does appellant direct us to any, reflecting that he was not given his *Miranda* warnings prior to making the statement at issue. *See Smith*, 721 S.W.2d at 855. As such, we overrule appellant's second issue.

**Conclusion**

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).