**Opinion issued August 21, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00914-CR

_____

**ADRIAN JAMISON BANKS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas[1]**
**Trial Court Case No. 12-13255**

## MEMORANDUM OPINION

---

[1]  Originally appealed to the Ninth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Ninth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Adrian Jamison Banks, Jr., pleaded guilty to aggravated assault and was placed on community supervision. On the State's motion, the trial court revoked his community supervision and assessed punishment at eighteen years' confinement. In two issues, Banks argues that his eighteen-year sentence is disproportionate and unreasonable, and therefore violates the United States and Texas Constitutions' prohibitions against cruel and unusual punishment. Banks further contends—in what this Court construes as his third appellate argument— that the trial court's questioning of him during the revocation/sentencing hearing regarding "unverified" facts violated his rights to due process and equal protection under both the United States and Texas Constitutions.

We affirm.

## Background

Banks pleaded guilty to aggravated assault. The appellate record reflects that Banks cut the complainant's chin and abdomen with a knife that qualifies as a deadly weapon.[2] Following a presentence investigation (PSI) hearing, the trial court deferred adjudication of guilt and placed him on community supervision for five years and assessed a fine of $500. The State subsequently filed a motion to revoke Banks's community supervision. Following a hearing on the motion to adjudicate, during which Banks pleaded true to multiple allegations that he had

---

[2]    Neither Banks nor the State mentions the underlying facts of the aggravated assault in their appellate briefing.

violated the terms and conditions of his community supervision, the trial court revoked his community supervision, adjudicated guilt, and assessed his punishment at eighteen years' confinement. During the hearing, the trial court questioned Banks about his prior criminal history. Defense counsel did not object to this line of questioning or to the assessed punishment on any ground. No motion for new trial was filed.

## Disproportionate-Sentence Claim

Banks's first and second appellate issues contend that the trial court violated the United States and Texas Constitutions' prohibitions against the infliction of cruel and unusual punishment by imposing a disproportionately severe punishment. *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 13. Specifically, he argues that the eighteen-year sentence is grossly disproportionate to the crime in light of the fact that he received only two years less than the maximum and that "under the facts of the present case, this sentence can be considered harsh." Banks further contends that "the [t]rial [c]ourt unreasonabl[y] applied facts within the PSI and failed to comply with Tex. Code Crim. Proc. Ann. art. 37.07, section 3" and that the trial court's "unwarranted concern for and obvious consideration of matters not presented in evidence added to the unreasonableness of [his] sentence." According to Banks, the "repeated interrogation by the trial judge into these

matters alone gives a clear indication why the sentence imposed was so harsh in light of the allegations that [he] plead[ed] true to."

First, a claim based on a disproportionate sentence must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived). To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). At the revocation/sentencing hearing, Banks did not assert a disproportionate-sentence claim, nor did he file a motion for new trial or otherwise

4

present his objection to the imposed sentence. As such, his disproportionate-sentence claim is not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Clark*, 365 S.W.3d at 339; *see also Noland*, 264 S.W.3d at 152.

Second, even had Banks preserved his claim for our review, his argument is unavailing. Texas appellate courts rarely consider a punishment that is within the statutory range for the offense established by the Legislature to be excessive or unconstitutionally cruel or unusual under either the Texas Constitution or the United States Constitution. *See Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Indeed, the trial court's discretion to impose any punishment within the prescribed range has been described by the Court of Criminal Appeals as being "essentially 'unfettered.'" *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller–El v. State*, 782 S.W.2d 892, 895–96 (Tex. Crim. App. 1990)). Aggravated assault is a second degree felony under the facts of this case and the range of punishment for a second degree felony is two to twenty years' confinement in TDCJ. *See* TEX. PENAL CODE ANN. § 22.02(b) (West 2011). Although it is only two years less than the maximum, Banks's eighteen-year sentence falls within the statutory range for the charged offense, and as such, is presumptively neither cruel nor unusual.

5

An assessed punishment that is within the statutory range, however, must still be proportionate to the underlying offense. *See Ex parte Chavez*, 213 S.W.3d at 323–24 (stating trial court's discretion to impose any punishment within statutory range is limited only by Eighth Amendment's gross-disproportionality review); *see also Ajisebutu*, 236 S.W.3d at 314. Eighth Amendment challenges are analyzed by reviewing the proportionality of the sentence compared to the crime. *See Graham v. Florida*, 560 U.S. 48, 59–60, 130 S. Ct. 2011, 2021–22 (2010); *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983).[3] Our objective analysis is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the commission of the crime in other jurisdictions. *Graham*, 560 U.S. at 60, 130 S. Ct. at 2022. We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender, *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011, and only if we find that the sentence is grossly disproportionate to the offense under the first factor will we

---

[3] Banks also cites to numerous federal opinions that discuss the application of the federal sentencing guidelines in federal criminal proceedings and the applicable standard of review (e.g., *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005)), but neither the federal sentencing guidelines nor the federal trial court's application of such guidelines in federal court are applicable to the present appeal. *See Harper v. State*, 930 S.W.2d 625, 632 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *see also Turner v. State*, 09–06–00280–CR, 2007 WL 2874265, at *1 (Tex. App.—Beaumont Oct. 3, 2007, pet. ref'd) (mem. op., not designated for publication) (citing *Harper* and stating that federal sentencing guidelines are inapplicable for purposes of determining whether punishment assessed by state court is grossly disproportionate to gravity of offense).

then consider the second two factors to determine whether the sentence was unconstitutionally excessive. *See Graham*, 560 U.S. at 60, 130 S. Ct. at 2022. "Grossly disproportionate" sentences are "exceedingly rare." *See Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 1169 (2003).

The first prong of the proportionality analysis requires the comparison of the gravity of the underlying offense (aggravated assault) and the harshness of the sentence (eighteen-years' incarceration). The nature of Banks's violations of his community supervision requirements has no bearing on this analysis. *See Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (defendant's fifteen-year sentence rested upon adjudication of guilt for crime alleged, not his violation of community supervision requirements that led to revocation of deferred adjudication). Banks's arguments regarding the trial court's questioning of him during the revocation/sentencing hearing, its reliance upon "unverified" facts, and its alleged violation of Code of Criminal Procedure article 37.07, section 3, are also irrelevant for purposes of comparing the gravity of the offense and the harshness of the sentence, and therefore, these arguments have no bearing on our analysis. *See Jacoby v. State*, 227 S.W.3d 128, 132 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011).

The record reflects that Banks pleaded guilty to intentionally, knowingly, and recklessly causing bodily injury to the complainant with a deadly weapon (i.e., cutting the complainant with a knife). The harm caused to the complainant is obvious and significant, and in light of his guilty plea, Banks's culpability is obvious as well. *See Solem*, 463 U.S. at 292, 103 S. Ct. at 3011 (stating gravity of offense judged in light of harm caused or threatened to victim or society, and culpability of offender). In light of the gravity of the offense, we cannot say that Banks's eighteen-year sentence, which is within the statutory range for such offenses, is "grossly disproportionate." *Lockyer*, 538 U.S. at 73, 123 S. Ct. at 1169 (noting that with regard to noncapital crimes, gross disproportionality principle applies only in "exceedingly rare" and "extreme" cases). As such, there is no need for us to consider the second and third factors. *See Graham*, 560 U.S. at 60, 130 S. Ct. at 2022.

We note that even if we were to reach this portion of the analysis, the record contains no evidence "reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison" in evaluating Banks's disproportionate sentence claim.[4] *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.).

---

[4] Banks asks this Court to abate the appeal to allow him to gather this information, but he cites no applicable authority which would entitle him to such abatement. *See* TEX. R. APP. P. 38.1(i).

We overrule Banks's first and second issues.

## Due Process and Equal Protection

Banks also argues that the trial court's questioning of him during the revocation/sentencing hearing regarding "unverifiable facts" which the court then used to assess his punishment violated his rights to due process and equal protection under both the United States and Texas Constitutions. Banks did not object to the trial court's questioning of him regarding these matters or the court's consideration of any "unverifiable facts" at the hearing, and, therefore, he has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1). Moreover, even if he had objected, Banks cites no relevant authority to support this argument on appeal, nor identifies the "unverifiable facts" the trial court allegedly relied upon. As such, this complaint is also waived due to inadequate briefing. *See* TEX R. APP. P. 38.1(i) (requiring appellate brief to contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); *see also Mims v. State*, 238 S.W.3d 867, 874 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding complaint on appeal was waived where defendant failed to specifically identify statement he claimed was hearsay).

We overrule Banks's third issue, as construed by this Court.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).