**1283·14**

ORIGINAL

DUANE LEE WASHINGTON,
#1868666
ALLRED UNIT/TDCJ-CID
2101 F.M. 369 N.
IOWA PARK, TEXAS 76367
DECEMBER 19, 2014

RECEIVED IN
COURT OF CRIMINAL APPEALS

HONORABLE JUSTICES PRESIDING
TEXAS COURT OF CRIMINAL APPEALS
P. O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711-2308

DEC 31 2014

Abel Acosta, Clerk

**FILED IN**
**COURT OF CRIMINAL APPEALS**

DEC 31 2014

Abel Acosta, Clerk

In Re: PDR No. 1283-14
APPEAL COURT No. 01-13-00587-CR
TRIAL COURT CAUSE No. 12-14603
(On appeal from judgement and sen-
tence from Criminal District Court
of Jefferson County, Texas)

DUANE LEE WASHINGTON, APPELLANT/PETITIONER
-V-
THE STATE OF TEXAS, APPELLEE/RESPONDENT

LETTER FORM PLEADING: APPELLANT/PETITION-
ER'S "PRO SE" MOTION FOR SUSPENSION OF THE
RULES and PETITION FOR DISCRETIONARY REVIEW

Dear Honorable Justices Presiding in the Texas Court of Criminal
Appeals:

NOW COMES, Duane Lee Washington, #1868666, an offender, who is
the Appellant/Petitioner, who does make, file, declare, confirm,
verify, and plead under the penalty of perjury of the laws of the
United States and The State of Texas that the contents of this fore-
going LETTER FORM PLEADING: APPELLANT/PETITIONER'S "PRO SE" MOTION
FOR SUPENSION OF THE RULES and PETITION FOR DISCRETIONARY REVIEW is
true and correct in accordance with and pursuant to the provisions
of 28 U. S. C. §1746 and Tex. Civ. Prac. & Rem. Code, Secs. 132.001-
132.003 as confirmed and declared by hereinafter affixing my signa-
ture and its date of execution, who does state in support hereof
as follows:

I.
APPELLANT/PETITIONER'S "PRO SE" MOTION TO SUSPEND
THE RULES

NOW COMES; DUANE LEE WASHINGTON, #1868666, the Appellant/Petitioner, in the above styled and numbered cause of action who does make and file this "Pro Se" MOTION FOR SUSPENS ON OF THE RULES in accordaneewwith and pursuant to the Texas Rules of Appellate Procedure, Rule 2. Suspension of the Rule. The Appellant/Petitioner does aver that suspension of the rules is needed and necessary for the "Pro Se" Appellant/Petitioner, who is unlearned and untrained in the Art and science of the field of law does make a good faith effort to fulfill h s duty, responsibility, and obligation for making and filing of this LETTER FORM PLEADING; which the Appellant/Petitioner would otherwise be barred from fil ng without the HONORABLE TEXAS COURT OF CRIMINAL APPEALS adhereing to the express and implied mandate of the United States Suspreme as ruled and mandated in the opinion entered in the case of Haines -v- Kerner, 404 U.S. 519 (1972). For the express and implied mandate is both appropriate and applicable in the instant cause of action where the "Pro Se" Appellant/Petitioner is now proceed ng w thout the advise and assistance of counsel.

Further, the Appellant/Petitioner states and declares that the suspension of the rules is appropriate and needed because the Appeal Attorney of record, namely; GAYLYN LEON COOPER, an OFFICER OF THE COURT, by and through his purported MEMBERSHIP in the STATE OF TEXAS COLLEGE OF THE BAR, who has not, did not, and will not fulfill his duty and obligat on to make available to the Appellant/Petitioner a copy of the APPELLANT'S BRIEF ON APPEAL. As the Appellant/Petitioner now proceeds in the blind to the subject matter and express subject matter and content of the State's Brief in Response and/or his own brief on appeal. For the initial appointment of Attorney Gaylyn LEON COOPER began with disconne ct after over a year of trying to be KEPT abreast of the status of the pending appeal which was not learned until a copy of the adverse de ision ofthe First Court of Appeals of Texas arrived under the cover of a letter by the appeal attorney.

Accordingly, the Appellant/Petitioner concludes his efforts to obtain and secure a copy of the briefs and the Appellate Records as an indigent pro se litigant has fallen on deaf ears. So, the Appellant/Petitioner does now seek the suspension of any and/or all rules relevant to form and practice of proceeeding through pleadings before the Honorrable T xas Court of Criminal Appeqls governoring

the process and procedure of PETITION FOR DICRETIONARY REVIEW and the foregoing pleading currently before this Honorable Texas Court of Crim nal Appeal.

WHEREFORE, PREMISES CONSIDERED, APPELLANT/PETITIONER does PRAY that this Honorable Texas Court of Criminal Appeals does make and enter its ORDER to SUSPEND THE RULES and FILE THE instant and foregoing pleadingto be docketed and heard.

AND FURTHER, that this HONORABLE TEXAS COURT OF CRIMINAL APPEALS does grant and order any and all other rmedy, redress, and relief authorized by law and equity.

## II.
## PETITION FOR DISCRETIONARY REVIEW
### A.

TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:

NOW COMES, DUANE LEE WASHINGTON, #1868666, an offender, who is the "Pro Se" APPELLANT/PETITIONER, who does respectfully submit this LETTER FORM PLEADING which includes the instant and foregoing APPELLANT/PETITIONER'S "PRO SE" PETITION FOR DISCRETIONARY REVIEW and does state, declare, and plead in support hereof as follows:

### B.
### STATEMENT REGARDING ORAL ARGUEMENT

The Appellant/Petitioner, a person who is confined in TDCJ-CID does make and enter his appearence by and through this plead and does not request and/or require any appearence before the Honorable Texas Court of Criminal Appeals. For if th s Honorable Texas Court of Criminall Appeals should require any clarification of issues and matters being pled by this "Pro Se" Appellant/Petitioner the exercise of the Honorable Texas Court of Criminal Appeals' jurisdiction and and authority as mandated and authorized by the Texas Constitution and T e xas Government Code should be executed and employed to otherwise make and enter a just and appropriate rulingand decision to ma k e, order, and issue any needed and necessary order, writ, or otherwise to adjudi ate this matter.

### C.
### STATEMENT OF THE CASE NARARATIVE

Appellant/Petitioner does set forth in a narrative the state-

-3-

ment of the case as personally known to the Appellant/Petitioner who has made a dilligent effort and attempt to secure his trial records, to wit; CRIMINAL DISTRICT COURT'S CLERK RECORDS and the REPORTER'S RECORD; as well as, copies of the State's Brief in Reply and Appellant's Brief On Appeal which all have been denied the APPELLANT/PETITIONER who proceeds with only benefit of the use of the MEMORANDUM OPINION of the Honorable First Texas Court Of Appeals sitting in Houston, Texas as made and entered on AUGUST 21, 2014 by Honorable Justices Keyes, Huddle, and delivering Justice Sharp that composed the review ng Panel. For the APPELLANT/PETITIONER does request that this Honoralbe Texas Court of Criminal Appeals does take judicial notice of the rulings and mandates of the United States Supreme Court as made and entered in DRAPER, et al. -v- Washington, 372 U.S. 487 (1963); BURNS -v- OHIO, 360 U.S. 252 (1959); ESKRIDGE -v- WASHINGTON, 357 U.S. 214 (1958) and LONG -v- DISTRICT COURT OF OF IOWA, 385 U.S. 192 (1966) all of which cite and rely upon the ruling and mandate of Griffin -v- ILLINOI S, 351 U.S. 12 (1956) that addressed the issue of being denied the records for pleading in an appeal process ad procedure. For the Appellant/Petitioner is of a standing and posit on that the process and procedure of Petition For Discretionary Review is such.

Accordingly, the Appellant/Petitioner does ask that the Honorable Texas Court of Criminal further take judicial notice of the records and files maintained and managed by the Jefferson County District Clerk's Office in the normal course of day to day business and affairs as relevant to the records on file in the cause of THE State Of Texas -v- DUANE LEE WASHINGTON, Cause No. 12-14603 of Criminal District Court of Jefferson County where an indictment had been returned by the Jefferson County Grand Jury upon which the Appellant/Petitioner was tried for the DEcember 26, 2003 murder of Ernest Jackson by and through the intentional and knowing use of a deadly weapon. For the Appellant/Petitioner did make and enter his plea of "not guilty".

The evidence proffered and produced by the State was through NINEn witnesses of which the Appellant/Petitioner was found guilty by the jury. And upon this verdict the trial proceeded to the

-4-

punishment phase where the Appellant/Petitioner's prior convictions were read into record and the entry of a plea was made by the Appellant/Petitioner as shown by the records. And upon this the jury did then deliberate and return a finding and otherwise did impose punishment at a term of LIFE imprisonment. For the Appellant/Petitioner did then make and give timely notice of appeal as shown by the records and otherwise pled by the State and the Attorney of record on appeal in their briefs which the Appellant/Petitioner does not have privy of the use thereof in preparing and filing this pleading.

## D.
## STATEMENT OF PROCEDURAL HISTORY

The Appellant/Petitioner does state that for reasons previously stated, pled, declared, and otherwise requested of this Honorable Texas Court of Criminal Appeals the "STATEMENT OF PROCEDURAL HISTORY" in this pleading is adopted of facts, data, record, and otherwise information that is known and available to the Honorable Texas Court of Criminal Appeals and not otherwise available to the Appellant/Petitioner, whom does not have access to the records and/or any of the briefs and papes filed in the course of prose uting this cause of action. For based upon the reading and comprehension of he subject matter of AppealsAttorney GAYLYN LEON COOPER's letter of August 22nd, 2013, which the Appellant/Petitioner give the notice the error in date shows and supports previous assertions and complaint that his appeal was and has been shoddily handled and poorly addressed. With the true and correct date of the letter being August 22, 2014 the Appellant/Petitioner did request an extension of time from the Honorable Texas Court of Criminal Appeals hoping that the appeal attorney would respond to the request to have copies of the appeal briefs made available which went ignored and now prompts the Appellant/Petitioner to move dillignetly and file the instant and foregoing pleading. For again judic al notice is requested of the Honorable Texas Court of Criminal Appeals as to those occurences in the record.

## E.
## GROUNDS FOR REVIEW

(Note: The Appellant/Petitioner does state and otherwise plead that the grounds of error being presented and otherwise pled for review

-5-

have been made known to the Appellant/Petitioner by having been served and sent a copy of the adverse ruling of the First Court of Appeals of Texas sitting in Houston, Texas. This Memorandum Opinion identified two issues of appeal, to wit; (1)"the evidence was insufficent to support the jury's verdict" and (2) "the trial court erred by allowing certain witness testimony under Texas Rule of Evidence 613". For the Appellant/Petitioner does re-assert and re-state those issues for Discretionary Review as required and mandated.)

## GROUND FOR REVIEW NUMBER ONE

The First Court of Appeals of Texas did error and abuse its Discretion when if overruled the Appellant/Petitoner's contention and complaint that the evidence was insufficent to support the jury's verdict.

## GROUND FOR REVIEW NUMBER TWO

The First Court of Appeals of Texas did error and abuse its Discretion when it overruled the Appellant/Petitioner's contention and complaint the trial court erred by allowing certain witness testimony under Texas Rule of Evidence 613.

### F.

### ARGUEMENT AND AUTHORITIES

1.   ARGUEMENT AND AUTHORITIES FOR GROUND FOR REVIEW NUMBER ONE

The Appellant/Petitioner in advancing this instant and foregoing ARGUEMENT AND AUTHORITIES FOR GROUND NUMBER ONE would point out that the "analysis" and the "standard of review" has been and is well documented as being the standard established by the United States Suprme Court in the case of Jackson -v- Virginia, 443 US. 307 (1979), as further asserted by this Honoaable Texas Court of Criminal Appeals in the case of Brooks -v- State, 323 SW3d 893, 895 (Texas Crim. App. 2010). For in the instant and foregoing cause the Appellant/Petitioner does advance the position and standing that the First Court of Appeals has both erred and abused its discretion in finding the evidence as proffered and used by the State was both factually and legally sufficent to support the verdict and finding made by the jury.

Firstly, the Appellant/Petitioner would direct this Honorable Texas Court of Criminal Appeals attention to Texas Penal Code, Section 2.01. PROOF BEYOND A REASONABLE DOUBT which reads in relevant and applicable pertinent part as follows:

"...All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonale doubt. The fact that he has been arrested, confined, or indicted for or otherwise charged with, the offense gives rise to no inference of guilt at his trial...."

Which this mandate and requirement as imposed by the State of Texas Legislature is conforming and consistent with the express and implied mandate of the United States Constution, Amendments V, VI, and XIV section 1 and those relevant and pertinent express and implied mandates of The Texas Constution, Artide I, Sections 1.; 10.; 19.; and 27 of which the First Court of Appeals of Texas error and abuse of discret on rest clearly upon the fact that in spite of which seems to be overwhelming evidence there is not any evidence which affirms and confirms the actual presen e of the Appellant/Petitioner to be at the alleged crime seeane; either by evidence found and connecting and/or by any witness having testif ed seeing the Appellant/Petitioner. For the State whole ase appears to rest upon the fact the Appellant/Petitioner was arrested, detained, indicted, tried, and convicted most-ly for having been asso iated and acquainted with personswhom had more to ga n than to loose by engaging in accusing the Appellant/Petitioner. This being from trying to collect rewards beingoffered by Crime Stopper, to deals of leiancy for testimony against the Appellant/Petition-er, and any and all other reasons which would show and suport an animus toward and against the Appellant/Petitioner.

Still further, the State's use of the testimony of Beaumont Police SargentJesus Tamayo raises seious question of being a sys-tematic ustom and practi e of using a source of "confidential in-formant" as being the source upon which the Appellant/Petitioner became a suspect. Yet, none of those other persons whom had in-format on was shown to have come forth prior to this when there was those whom knew and refused and failed to perform civi duties and obligat ons which clearly raises suspicion as to did the Appellant/Petitioner a person whom knows not to discuss and reveal unlawful

-7-

deeds.

In conclusion, the Appellant/Petitioner avers that the portion of Texas Penal Code, Section 2.01. PROOF BEYOND A RESONABLE DOUBT affirmatively shows and reflects by the evidence that none of those whom were present, sworn, and who took the witness stand could give into eviden e no more than "hearsay" and no fact affirmatively linking the Appellant/Petitioner to the commission of any offense alleged and charged. Even with all of those nine persons giving testimony, the portion of the statue expressly and implicitedly confirm an error and abuse of discretion where the statue states and reads, "...The fact that he has been arrested, confined, or indicted for or otherwise charged with, the offense gives rise to no inference of guilt at trial....."; but there is no evidence to support an intentionally and knowingly causing the death as required by the burden of proof. For this reason the Appellant/Pet t oner does seek Discretionary Review of the ruling and opionion of the First Court of Appeals of Texas.

2. ARGUEMENT AND AUTHORITIES FOR GROUND FOR REVIEW NUMBER TWO

The Appellant/Petitioner in advanc ng th s instant and fore-go ng ARGUEMENT AND AUTHORITIES FOR GROUND NUMBER TWO would declare and plead that due to the fact the substance of both the Appeal Brief and the Appellee's Reply Brief are unknown to the Appellant/Petitioner; as well as, that of relevant portions of the eviden e and testimony to as erta n and determine if any the error as alleged and advanced would and could substantiate a creditable issue of appeal made by the Appellant/Petitioner's Attoney on appeal whom disconnected and distanced himself from the Appellant/Petititioner leaving the current state and status of lac ing in information to advocate a position.

Because of this the Appellant/Pet t oner advan es this matter forth to be reviewed and determined n the best interest of justice if the object on as made by the trial counsel reflects relevance to any of the witnesses and should be reviewed as such as a substantive and structural violation where appropiaate and adequate ground for review in light of the prejudice and harm imputed by such inconsistent statements.

In conclusion, the Appellant/Petitioner seeks review pursuant and in accordance with United States Constitution, Amendments 5, 6, and 14 section 1 and The Texas Constitution, Article I, Sections 1.;

10.; 19.; and 27 and their conforming laws and authorities as relevant and applicable and having been determined by the United States Supreme Court. For the Appellant/Petitioner does believe there is error and abuse of discretion on part of the First Court of Appeals of Texas whi h has caused him prejudi e andharm.

## PRAYER

Wherefore, Premises Considered, the Appellant/Petitioner does PRAY that this HONORABLE TEXAS COURT OF CRIMINAL APPEALS does grant this PETITION FOR DISCRETIONARY REVIEW.

AND FURTHER, THAT THIS COURT DOES GRANT AND ORDER ANY AND ALL OTHER REMEDY, REDRESS, AND RELIEF AUTHOR ZED UNDER LAW AND EQUITY. For the Appellant/Petitioner does hereinafter on this date of December 19, 2014 affix his signature here nafter to declae, confirm, verify, and plead the forego ng LETTER FORM PLEAD NG is true and correct.

Respectfully submitted,

s/ *(signature)*

~~MAXXXX XEON COMER XXXXX X~~
DUANE LEE WASHINGTON,
#1868666
APPELLANT/PETITIONER, PRO SE
2101 F.M. 369 N.
IOWA PARK, TEXAS 76367

## CERTIFICATE OF SERVICE

I, Duane Lee Washington, #1868666, an offender, who is confined at the Allred Unit, 2101 F. M. 369 N., Iowa Park, Texas 76367 and which is lo ated in Wichita County, Texas, who is the Appellant/Petitioner, who does declare, certify, and plead that I have served a true andcorrect copy of the LETTER FORM PLEAD NG upon the District Attorney of Jefferson County, Texas by pla ing the same in a postage prepaid envelope and depositing the same in the Allred Un t Mail Box for subsequent pickup by the Allred Unit Mail Room who will log the same in outgoing legal mail and subsequently deposit the same in the U. S. P stal Service for delivery as follows:

JEFFERSON COUNTY DISTRICT ATTORNEY
JEFFERSON COUNTY COURT HOUSE
_1001 Pearl St._
BEAUMONT, TEXAS _77701_

This being a true and correct a t of service done under the penalty of perjury, by my signature affixed on this date of 12/19/14.

-9-

s/ *(signature)*

Opinion issued August 21, 2014



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00587-CR

---

**DUANE LEE WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Court Case No. 12-14603

---

# MEMORANDUM OPINION[1]

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Ninth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

A jury found Duane Lee Washington guilty of murder[2] and assessed punishment at confinement for life. In two issues, appellant contends that (1) the evidence was insufficient to support the jury's verdict and (2) the trial court erred by allowing certain witness testimony under Texas Rule of Evidence 613. We affirm.

## Background

Appellant was indicted for the December 26, 2003 murder of his grandfather, Ernest Jackson, by intentionally and knowingly causing his death by means of a deadly weapon. The indictment was enhanced by two prior convictions: a state jail felony for drug possession and a second-degree felony conviction for assault on a public servant. Appellant pleaded not guilty to the charge and the case proceeded to trial.

The State presented seven witnesses: Beaumont Police Officer Reed Abel, one of the first officers dispatched to the crime scene; Shirley Gilder, the complainant's daughter and appellant's aunt; Corwin Johnson, appellant's friend; Tisha Ogelsby, appellant's former girlfriend; Ebony Cartwright, the wife of appellant's deceased best friend, Jeffrey "Speedy" Maze; Christopher "Yum-Yum" Thomas, who met appellant while appellant was in jail on an unrelated charge; Larry Bias, who met appellant while appellant was jailed on an unrelated charge;

---

[2]  *See* TEX. PENAL CODE ANN. § 19.02 (West 2011).

2

Dr. Tommy Brown, the forensic pathologist who performed the complainant's autopsy; and Beaumont Police Sergeant Jesus Tamayo, the officer assigned to investigate the murder.

The jury found appellant guilty of the charged offense and assessed his punishment at life imprisonment. Appellant timely filed this appeal.

## Analysis

Appellant's first issue contends that the evidence is factually and legally insufficient to support the jury's verdict because there is no evidence that connects him to the crime.

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.") (referring to *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071

3

(1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The jury is the sole judge of the credibility of witnesses and the weight to give testimony, and our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

A person commits murder if he "intentionally or knowingly causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). A firearm, such as a handgun, is a deadly weapon. TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (West 2011).

Ogelsby, appellant's ex-girlfriend, testified as follows:

Q:   A few days after the funeral of [appellant's] grandfather, were you-all talking?

A:   Yes.

Q:   Do you recall what you-all were talking about and where you-all were?

A:   We were sitting in my car and we just started talking and he was telling me about his grandfather's death.

Q:   Do you recall what he told you about his grandfather's death?

A:   He told me that he had shot him. He said his grandfather had been abusing his mother and that hurted [sic] him.

Cartwright, the wife of appellant's deceased best friend, testified as follows:

Q:   Ebony, did Corwin [Johnson] ever tell you who shot [appellant's] grandpa?

A:   Yes.

4

Q: What did Corwin tell you?

A: He said they shot—I mean, he said [appellant] shot him.

Q: Appellant shot who, the old man?

A: Yes, sir.

Q: Meaning what, his grandfather?

A: Yes, sir.

Thomas, who met appellant while both were in jail, testified as follows:

Q: While you were in jail, did you ever have a chance to speak with [appellant] regarding a murder that took place on Christmas Day, around Christmas Day, 2003?

A: Yes, I did.

Q: What did [appellant] tell you about that murder?

A: That he had killed his grandfather.

Bias, who also met appellant in jail, testified as follows:

Q: Did [appellant] tell you how his grandpa was killed?

A: Yes.

Q: Did he say who killed his grandpa?

A: He said he did.

Q: Did he say how he killed him?

A: He shot him in the head.

Sergeant Tamayo testified as follows:

Q: And how did [appellant] become a suspect?

A: I received a call from a police officer from Port Arthur who told me that he had received information from a confidential informant that [appellant] had been bragging about killing Mr. Jackson.

Considering this testimony in the light most favorable to the verdict, as we must, we conclude that a rational jury could have found each element of the charged offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Accordingly, we hold that the evidence is sufficient to support the jury's verdict. *See id.* We overrule appellant's first issue.

In his second issue, appellant argues that the trial court erred in admitting Sergeant Tamayo's testimony under Texas Rule of Evidence 613. The State asserts that Rule 613 is inapplicable here because the rule does not apply to a statement made by a defendant to a law enforcement officer but only to another witness at trial.

At the outset, we note that appellant fails to identify the portion of Sergeant Tamayo's testimony to which he objects on appeal.[3] Instead, citing pages 199 to 217 of volume four of the reporter's record, appellant generally states that the trial

---

[3] TEX. R. APP. P. 38.1(i) (requiring appellate brief to contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); *see also Mims v. State*, 238 S.W.3d 867, 874 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding complaint on appeal was waived where appellant failed to specifically identify statement he claimed was hearsay).

6

court erred in "allow[ing] that testimony under 613 T.R.E."[4] Further, our review of the record reveals that the trial court did not admit any of Sergeant Tamayo's testimony pursuant to Rule 613.[5]

Appellant also asks this Court "to consider [Code of Criminal Procedure] Articles 38.21 and 38.23 and the line of cases that illuminate them." However, appellant provides no argument, analysis, or legal authority to support his request. *See* TEX. R. APP. P. 38.1(i). Further, to the extent appellant is arguing that Sergeant Tamayo's testimony regarding appellant's statements while in jail on an unrelated charge was inadmissible because appellant was not previously advised of his

---

[4]  Rule 613(a) provides, in pertinent part, as follows:

> **(a) Examining Witness Concerning Prior Inconsistent Statement.** In examining a witness concerning a prior inconsistent statement made by the witness, whether oral or written, and before further cross-examination concerning, or extrinsic evidence of, such statement may be allowed, the witness must be told the contents of such statement and the time and place and the person to whom it was made, and must be afforded an opportunity to explain or deny such statement. If written, the writing need not be shown to the witness at that time, but on request the same shall be shown to opposing counsel. If the witness unequivocally admits having made such statement, extrinsic evidence of same shall not be admitted. This provision does not apply to admissions of a party-opponent as defined in Rule 801(e)(2).

TEX. R. EVID. 613.

[5]  Rather, the record reflects that the trial court admitted Corwin Johnson's July 2, 2012 sworn written statement pursuant to Rule 613 solely for impeachment purposes.

7

*Miranda*[6] rights, appellant has not preserved error, if any, for our review because he did not object at trial on this ground. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (concluding where record did not reflect whether appellant was given *Miranda* warnings, error was not preserved for review because appellant did not object at trial). Moreover, we are aware of no evidence in the record, nor does appellant direct us to any, reflecting that he was not given his *Miranda* warnings prior to making the statement at issue. *See Smith*, 721 S.W.2d at 855. As such, we overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

Dvane LEE WAShington #1266060
2101 FM 369 N
Iowa Park, TEXAS
76367

"LEGAL"

COURT CLERK

TEXAS COURT of
Criminal Appeals
P.O. Box 12308
CApitol Station
Austin, TEXAS
78711-2308