**Opinion issued October 7, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00625-CR
_____

**MAXX AUSTIN BURROWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Case No. 2020-0456**

## SUBSTITUTE MEMORANDUM OPINION[1]

---

[1] The memorandum opinion in this case issued on June 17, 2025. Burrows moved for rehearing. We deny the motion, withdraw the June 17, 2025 memorandum opinion and judgment of the same date, and issue this substitute opinion and judgment in their stead.

Burrows appeals from an order revoking his probation and sentencing him to 9 months' confinement in Washington County jail. On appeal, he argues that the trial court violated his right to confrontation by admitting certain testimony, that the trial court erred in admitting photographs, and that the trial court abused its discretion in finding that he had violated a condition of probation. We affirm.

**Background**

In December 2021, Burrows pleaded guilty to driving while intoxicated ("DWI") second offense, a Class A misdemeanor. *See* TEX. PENAL CODE §§ 49.04, 49.09(a). A Washington County trial court found him guilty and assessed punishment at 365 days in jail. The trial court suspended imposition of the sentence and placed Burrows on 18 months' community supervision—probation.

In November 2022, Burrows was arrested in Burleson County. In January 2023, the State moved to revoke probation alleging that in November 2022, Burrows violated probation by committing a criminal offense, felony DWI, in Burleson County. *See id.* § 49.09(b) (enhancing DWI to third-degree felony for third offense).

In August 2023, the trial court held a hearing on the State's motion to revoke Burrows's probation. Burrows pleaded "not true" to the allegation. At the revocation hearing, Corporal J. Gilliam of the Texas Department of Public Safety Highway Patrol testified that while on patrol in Burleson County in November

2022, he responded to a single-vehicle crash on County Road 132. He arrived about 4:00 p.m. and saw a vehicle flipped upside down in a ditch.

When he approached, he found Burrows being treated by emergency personnel in the back of a pickup truck. The pickup was not involved in the accident. Burrows denied that he had been drinking alcohol and told Corporal Gilliam that he had hydroplaned and lost control of his car. Corporal Gilliam testified that the road was wet from earlier rain.

Corporal Gilliam observed an interlock device connected to the crashed vehicle and testified that the device would not allow a vehicle to start if alcohol was detected from the person using it. Corporal Gilliam observed that Burrows showed signs of intoxication. Corporal Gilliam noticed the odor of alcohol, Burrows's bloodshot and glassy eyes, and that Burrows's speech was "a little bit thick and kind of elongated." Corporal Gilliam also observed empty Svedka vodka bottles near the crash.

After Burrows was treated for a laceration on his head, Corporal Gilliam administered standardized field sobriety tests. Corporal Gilliam concluded that Burrows was intoxicated and arrested him. Burrows refused Corporal Gilliam's request for a blood specimen, so Corporal Gilliam obtained a search warrant for Burrows's blood. Corporal Gilliam obtained the blood sample and submitted it for

testing. Over objection, Corporal Gilliam testified that the toxicology test results showed the presence of alcohol in Burrows's blood.

Burrows's probation officer M. Cupit testified that she spoke with Burrows a few days after the Burleson County arrest. Burrows told her that he had an argument with his parents and decided to go driving around. He said he made a "bad choice" and purchased alcohol. When she asked how Burrows could use the interlock device to start the car, he told her that he did not drink the alcohol initially. Instead, he went to the store, bought it, drank some, and then knew he had a few minutes to return home. He told the probation officer that on the way home, he "hit" water and skidded off the road. According to Cupit, Burrows had no other violations while on probation.

A Washington County probation officer testified that she had no interactions with Burrows before the Burleson County DWI arrest. She testified that since April 2023, Burrows had worn a "SCRAM device," and based on the device report, he had no violations while wearing it.[2]

---

[2] A "Secure Continuous Remote Alcohol Monitor" or "SCRAM device" is a bracelet that a defendant wears that continuously measures alcohol that is eliminated through the skin. *Mathis v. State*, 424 S.W.3d 89, 91 n.2 (Tex. Crim. App. 2014).

The trial court found that Burrows had violated probation by committing a criminal offense and revoked his probation. The trial court sentenced Burrows to 9 months' confinement in the Washington County jail. He appealed.

**Confrontation Clause**

In his first issue, Burrows argues that the trial court violated his right to confrontation by allowing the arresting officer to testify to toxicology report results.[3] Over Burrows's objection, the arresting officer testified that toxicology results showed the presence of alcohol in Burrows's blood.

The Sixth Amendment's Confrontation Clause states, "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend VI. We review de novo whether the trial court's evidentiary ruling violated the appellant's right to confrontation. *Mims v. State*, 238 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Burrows complains that the State introduced testimonial evidence of his blood alcohol results through the arresting officer, depriving him of the opportunity to cross-examine the analyst who performed the testing and reported the results. Burrows urges us to find that the right applies by citing to cases *declining* to find that the Confrontation Clause applies to deferred adjudication proceedings. *See Hughes v. State*, 691 S.W.3d 504, 509 (Tex. Crim. App. 2024)

---

[3]     Burrows does not complain of a violation of his due process rights under the Fourteenth Amendment.

5

(declining to address whether Confrontation Clause applies to motion to adjudicate guilt as intermediate appellate court held, and deciding instead on Due Process grounds); *Torres v. State*, 617 S.W.3d 95, 101 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (stating whether Confrontation Clause applies to community supervision revocation proceedings remains unsettled). These cases do not help Burrows, not only because they do not apply the Confrontation Clause, but also because this case is in a fundamentally different posture. In a deferred adjudication hearing, the trial court has not found the defendant guilty. Burrows' adjudication of guilt was not deferred. The trial court found Burrows guilty in December 2021. The court sentenced him, but suspended imposition of sentence in lieu of 18 months' community supervision, i.e., probation. When Burrows violated a term of probation, the State moved to revoke it.

The United States Supreme Court is clear that the Sixth Amendment right to confront witnesses does not apply to parole revocation hearings. *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972) (stating parole revocation proceeding is not criminal prosecution and therefore full panoply of rights due defendant does not apply); *see Ex parte Zubiate*, 710 S.W.3d 724, 726 (Tex. Crim. App. 2025) ("[P]arole hearings are not criminal prosecutions because they arise after conviction."); *see also United States v. Kelley*, 446 F.3d 688, 691 (7th Cir. 2006) ("Because revocation proceedings are not criminal prosecutions, Sixth Amendment

6

rights are not implicated."); *State v. Esquilin*, 179 Conn. App. 461, 472, 179 A.3d 238, 245 n.10 (2018) (collecting cases from eight circuits and twenty-three states for the proposition that the Confrontation Clause does not apply to revocation of probation hearing; "[S]ince *Crawford* [*v. Washington*, 541 U.S. 36 (2004)], an overwhelming majority of federal circuit and state appellate courts that have addressed this issue have concluded that *Crawford* does not apply to a revocation of probation hearing."). The right to confrontation did not apply to Burrows because he appeals from probation revocation proceedings.[4]

We overrule Burrows's issue related to the Confrontation Clause.

## Admission of Evidence

Burrows argues that the trial court abused its discretion when it admitted certain photographs into evidence. We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*,

---

[4] Even if the admission of testimony that alcohol was found in Burrows's system was a violation of the Confrontation Clause, the error does not require reversal. TEX. R. APP. P. 44.2(a) (stating constitutional error requires reversal "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment); *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007) (same). In conducting our harm analysis, we consider the entire record and the importance of the complained of evidence to the State's case, whether the evidence was cumulative of other evidence, the presence or absence of other evidence corroborating or contradicting the complained-of evidence, the strength of the State's case, and any other fact in the record that affects the probable impact of the error. *See Clay*, 240 S.W.3d at 904. We are persuaded beyond a reasonable doubt that the court's decision as to Burrows's alleged probation violation would have been the same even if the trial court had not admitted the complained-of testimony. The complained-of evidence established little, if anything, that was not also well established by the properly admitted evidence.

490 S.W.3d 895, 908 (Tex. Crim. App. 2016). Under that standard, a trial court's ruling will be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement or is arbitrary or unreasonable. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002); *see State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

Burrows claims that the trial court abused its discretion in admitting State's Exhibits Two through Nine into evidence. The exhibits were photographs of the single-vehicle crash scene. Appellant objected to their admission at trial, arguing that the photographs had not been provided to him following a discovery request under article 39.14. *See* TEX. CODE CRIM. PROC. art. 39.14 ("Michael Morton Act"). At trial, the Washington County Attorney's office acknowledged that it had not provided the photographs to Burrows but argued that the photographs would have been provided to him by Burleson County. Burrows's counsel explained that he had received a video related to Burrows arrest in Burleson County but that he had not received or was not sure he had received the photographs. The trial court overruled the objection and admitted the photographs into evidence.

On appeal, Burrows argues that the State was required to timely produce the exhibits pursuant to article 39.14, and therefore, the exhibits should not have been admitted into evidence. Article 39.14(a) requires the State, "as soon as practicable" after receiving a timely request, to produce and permit the inspection and

electronic duplication by the defense of "material" evidence.[5] TEX. CODE CRIM. PROC. art. 39.14(a); *Watkins v. State*, 619 S.W.3d 265, 290 (Tex. Crim. App. 2021) (defining "material" under article 39.14 as "having a logical connection to a consequential fact," synonymous with "relevant"). Burrows argues that the exhibits were improperly admitted, and he was harmed because the photographs were the sole physical evidence before the trial court.

Assuming without deciding that (1) article 39.14 applies to probation revocation proceedings; and (2) the State violated article 39.14 by not disclosing the photographs sooner, the record does not demonstrate the requisite harm. *See* TEX. R. APP. P. 44.2(b) (requiring reviewing courts to disregard any nonconstitutional error that does not affect appellant's substantial rights).

First, Burrows cannot argue that he was harmed by not having time to prepare with the photographs because any such harm could have been alleviated by a request for continuance. By failing to request a continuance or otherwise suggest a remedial measure, he forfeited any complaint of lack of time to prepare. *See Sopko v. State*, 637 S.W.3d 252, 258 (Tex. App.—Fort Worth 2021, no pet.) (stating appellant forfeited discovery request complaint by failing to seek continuance after new material given to him).

---

[5]     The State does not contest that Burrows made the requisite request.

Second, we cannot say that the photographs harmed Burrows because any assumed error did not influence or had no more than a slight effect on the trial court's decision. *Johnson v. State*, 72 S.W.3d 346, 348–49 (Tex. Crim. App. 1998) (stating error that did not influence or had no more than slight effect on trial court's decision does not affect appellant's substantial rights). Before the photographs were admitted, Corporal Gilliam's testimony described the scene of the crash. Corporal Gilliam's testimony described what each of the exhibits visually depicted. He testified that he responded to a single-vehicle crash where a car had overturned in a ditch. Corporal Gilliam testified that Burrows said he lost control of his car and crashed. Exhibits Two, Three, Four, and Six show the overturned vehicle.

Corporal Gilliam noted several Svedka vodka bottles in the grass near the car, and he noted that the car had an interlock device. He testified about the signs of intoxication he noticed Burrows displaying and the field sobriety tests he performed. Exhibits Five and Seven depict liquor bottles in the grass, and an empty vodka bottle can be seen in Exhibit Four as well. Corporal Gilliam testified that the bottle in Exhibit Five was the same one shown in Exhibit Four, and that the bottle in Exhibit Seven was a smaller size than the others found on the scene. Exhibit Nine is an empty Svedka vodka bottle in a plastic evidence bag. Corporal Gilliam testified that the bottle was found in Burrows pocket when he was arrested. Exhibit

10

Eight is a photo of the interlock device in the vehicle. The photographs were cumulative of Corporal Gilliam's testimony.

After reviewing the entire record, we hold that Burrows did not establish that he was harmed by admission of the photographs. The admission of the photographs did not affect Burrows's substantial rights, as they did not influence or had no more than a slight effect on the trial court's decision.

We overrule Burrows's issue.

## Probation Revocation

Burrows contends that the trial court abused its discretion by finding that he violated the terms of probation. Burrows argues that the State did not prove that he was driving while intoxicated. We disagree.

### A.    Standard of Review

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions about sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* "[A]n order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which could create a reasonable belief that the defendant has violated a condition of his probation." *Id.* (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). The trial court

11

is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

## B.    Analysis

To prove that Burrows violated his probation by violating the laws of Texas, the State needed to prove by a preponderance of the evidence that Burrows was intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE § 49.04(a). Burrows contends that the State failed to establish a temporal link between his alleged intoxication and driving the car.

The evidence establishes by a preponderance of the evidence that Burrows violated his probation by committing a DWI. Probation Officer Cupit testified that Burrows admitted to her that he had driven to a store, purchased alcohol, consumed it before or during driving, and then driven home quickly to avoid needing to use the interlock device installed in his car.

Corporal Gilliam testified that he responded to the single-vehicle crash on the side of a county road. Burrows told Corporal Gilliam that he lost control of the car. Corporal Gilliam testified that he smelled alcohol on Burrows and noticed signs of intoxication in his eyes and manner of speech. Corporal Gilliam administered field sobriety testing that led him to believe that Burrows was

intoxicated. Corporal Gilliam also testified that he found multiple vodka bottles near the crashed car. "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (holding evidence sufficient for DWI conviction under "beyond a reasonable doubt" standard). As in *Kuciemba*, Corporal Gilliam testified that Burrows had a fresh laceration on his head. *Kuciemba*, 310 S.W.3d at 463 (stating bleeding injury supports inference that accident had occurred recently).

After reviewing the record, we hold that the greater weight of the credible evidence could create a reasonable belief that Burrows had violated a condition of probation. The trial court did not abuse its discretion in finding by a preponderance of the evidence that Burrows had violated his probation by committing DWI.

We overrule Burrows's third issue.

### Conclusion

We affirm the trial court court's judgment.

Susanna Dokupil
Justice

13

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).